IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR HAKIM, on behalf of themselves and all others similarly situated, </br></br>    Plaintiff, </br></br> v. </br></br> ACCENTURE UNITED STATES PENSION PLAN and ACCENTURE LLP, </br></br>    Defendants. | Case No. 1:08-cv-03682 </br></br> Hon. Robert M. Dow Jr. |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO VACATE THE EXPEDITED TREATMENT MINUTE ENTRY IN THIS PURPORTED ERISA CLASS ACTION**

District courts are vested with inherent authority to control their own dockets and manage their own affairs to achieve orderly and expeditious disposition of cases. *Moser v. Universal Engineering Corp.,* 11 F.3d 720, 725 (7th Cir. 1993); *Link v. Wabash R.R.,* 370 U.S. 626, 628 (1962). Before Plaintiff could file a response the Court granted Defendants' motion. (Doc. 16). While Plaintiff believes this case is properly framed for expedited treatment, Plaintiff is willing to abide by whatever scheduling track the Court deems just and efficient. Nevertheless, Defendants made several inaccurate assertions in their motion to vacate which must be addressed.

First, Defendants argue that expedited treatment is not warranted because Plaintiff's challenge to the legitimacy of the Accenture Plan's purported amendment purportedly adopted on July 1, 1996, "presents significant discovery and timeliness issues." (Doc. 14 at ¶ 8) In fact, there are no significant discovery issues in this case. Defendants have the burden of proving timely and sufficient notice under ERISA §

1

204(h).  *Production and Maintenance Employees' Local 504 v. Roadmaster Corp.,* 954 F.2d 1397, 1403 (7th Cir. 1992).  Defendants spent nearly ten months investigating and preparing the evidence to adjudicate Plaintiff's administrative claim on this very point.  The only evidence Defendants adduced to prove timely and sufficient § 204(h) notice to Plaintiff was an email sent by Jeanette Harris on Thursday, June 13, 1996, at 4:57 p.m. from William T. Van Lieshout and Patricia R. Willard to five group addresses (generally presumed to be Accenture's human resource directors and benefits coordinators) and twenty-three individual recipients—not one of whom was Plaintiff Omar Hakim—directing them to deliver an attached memorandum to thousands of employees less than twenty-four hours later "no later than Friday afternoon, June 14, 1996."  Defendants' entire rationale for the denial of Plaintiff's claim for benefits is staked on the June 13, 1996 email.  To now state that producing discovery on this point is difficult and time consuming puts Defendants in a bad spot: either they conducted a thorough investigation into the method and manner of the purported notice's delivery to Plaintiff, in which case they have the information and documents at hand, or they did not, in which case they admit that they failed to give Plaintiff's claim fair consideration.

Second, Defendants' argument implies that Plaintiff overwhelmed them with discovery.  This is simply untrue.  Plaintiff served his first set requests to produce documents on July 15, 2008—two days before the Court entered it minute order expediting this case.  Of the seventeen requests, ten seek plan documents, government filings, or documents which should have been gathered by Defendants and reviewed as part of the administrative claim; six seek the same documents as to the putative class, and one seeks the documents referenced in Defendants' interrogatory responses.  Plaintiff

served twenty-two interrogatories on July 18, 2008.  The vast majority of Plaintiff's interrogatories are directed to establishing who received the June 13, 1996 email discussed above, when it was received, and what action was taken upon its receipt— information which should already be part of the Administrative Record.  Plaintiff also served twenty-four requests for admission on July 18, 2008.  Of the twenty four requests to admit, fifteen seek an admission that letters Defendants' letters and plan documents they provided are true and accurate copies; eight seek an admission that the summary plan descriptions do not contain a statement advising participants of their rights to receive information about their plans and benefits, their plan administrators' fiduciary obligations to them, their right to be free of retaliation, and the claims procedure to enforce their rights; and one seeks an admission that Plaintiff was not a recipient of the June 13, 1996 email discussed above.  These are concise, clear requests which require nothing more than Defendants reviewing the documents against the originals in the file and admitting or denying the requests.  Contrary to Defendants' assertion otherwise, Plaintiff's discovery requests are not a sufficient reason for slowing the resolution of this case.

Finally, Plaintiff takes exception to Defendants' characterization that his counsel's willingness not object to Defendants' request for thirty-seven additional days to file a responsive pleading is somehow evidence "that the litigation of this action will not be amenable to expedited treatment."  (Doc. 14 at ¶ 7)   Plaintiff's agreement not to object to Defendant's motion was nothing more than common courtesy extended to Defendants, and their counsel, in light of their statement that "summer vacations…will interfere with analysis of and responding to the Complaint in this action before August 27, 2008."  (*see* Doc. 9 at ¶ 9) Both Plaintiff and his counsel recognize the importance of

3

family, and therefore are willing to accommodate opposing counsel's reasonable request not to interfere with scheduled holidays. Defendants should not abuse civility in this manner.

Dated: July 22, 2008    Respectfully submitted,

**Schlichter, Bogard & Denton LLP**

By: /s/ Matthew H. Armstrong
Matthew H. Armstrong
100 S. Fourth Street, Suite 900
St. Louis MO 63102
Tel:   314-621-6115
Fax:   314-621-7151
marmstrong@uselaws.com

### CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Mark Casciari
mcasciari@seyfarth.com

Ian H. Morrison
imorrison@seyfarth.com

Barbara H. Borowski
bborowski@seyfarth.com


By: /s/ Matthew H. Armstrong
Matthew H. Armstrong

4