IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OMAR HAKIM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-CV-3682 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| ACCENTURE UNITED STATES | ) | |
| PENSION PLAN and ACCENTURE LLP, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO STAY DISCOVERY

Defendants, ACCENTURE UNITED STATES PENSION PLAN and ACCENTURE LLP, by their attorneys, Seyfarth & Shaw LLP, move that all discovery be stayed pending the Court's decision on the motion to dismiss the complaint (with prejudice). In support of this motion, defendants state:

1. Defendants filed a motion to dismiss the five-count ERISA complaint with prejudice on August 26, 2008, supported by a memorandum of law as required by the Local Rules of this Court. The complaint alleges that this case should be certified as a class action.

2. The motion to dismiss presents compelling arguments, based on (i) plaintiff's release of "any and all claims," (ii) the staleness of claims given the applicable statute of limitations and (iii) the failure, as a matter of law, to state any claim upon which relief may be granted.

3. A stay of discovery is appropriate until the legitimacy of the complaint is settled. Under Fed. R. Civ. P. 26(b)(1), parties may seek only discovery "that is relevant to any party's *claim or defense*"(emphasis added). Until defendants' motion to dismiss is decided by the Court, the parties do not know if there is any federal claim stated in the complaint or the defenses to any claim and hence cannot know what discovery is allowed by the Federal Rules of Civil Procedure.

Therefore, until the motion to dismiss is decided, there surely will be discovery disputes over what discovery (if any) is permitted. Many of these disputes or all of them may be avoided if discovery is suspended until after a ruling on the motion to dismiss, as might the substantial associated time and expense that may be incurred for no reason by the parties and perhaps the Court. There is no question that modern, class action litigation spawns substantial discovery costs. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In *Twombly*, the Supreme Court directed that district courts carefully analyze the sufficiency of allegations in a complaint before "allowing a potentially massive factual controversy to proceed." *Id.* at 1967. The Court directed that if the allegations are insufficient, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966.

4. Plaintiffs will not suffer "actual and substantial prejudice" from a stay of discovery. *See Reynolds v. Jamison*, 488 F.3d 756, 761 (7th Cir. 2007) (noting that to obtain reversal of a district court's decision to limit discovery, the complaining party must establish that the district court's decision resulted in "actual and substantial prejudice"). Defendants have taken steps to preserve documents and data, as discussed with the plaintiffs' counsel in the parties' Rule 26 conferences.

5. The parties have conferred regarding this motion during their Rule 26 conferences, plaintiff's counsel indicated that he would not agree to any stay of discovery pending the resolution of a motion to dismiss. This motion thus is ripe for this Court's consideration at this time.

6. The Court has broad discretion to control its docket and minimize the cost of litigation. Fed. R. Civ. P. 1 provides that the Federal Rules of Civil Procedure, including of


course its discovery rules, "shall be construed and administered to secure the just, speedy, *and inexpensive* determination of every action." (emphasis added).

WHEREFORE, defendants request that the Court stay discovery in this action pending the Court's decision on the motion to dismiss the complaint.

| **Date**: August 26, 2008 | Respectfully submitted,<br><br>ACCENTURE UNITED STATES PENSION PLAN and ACCENTURE LLP<br><br>By:  s/ Mark Casciari<br>        One of its attorneys |
|---|---|

Mark Casciari
mcasciari@seyfarth.com
Ian H. Morrison
imorrison@seyfarth.com
Barbara H. Borowski
bborowski@seyfarth.com
Seyfarth Shaw, LLP
131 S. Dearborn, Suite 2400
Chicago, IL  60603
Phone:  312/460-5000
Facsimile:  312/460-7000

## CERTIFICATE OF SERVICE

I, Barbara H. Borowski, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **MOTION TO STAY DISCOVERY** to be served upon the following counsel through the Court's electronic notification system, on this 26th day of August, 2008:

    **Matthew H. Armstrong**
    **Jerome J. Schlichter**
    **Roger C. Denton**
    Schlichter Bogard & Denton LLP
    100 South Fourth Street
    Suite 900
    St. Louis, MO 63102
    314-621-6115
    marmstrong@uselaws.com

                                s/ Barbara H. Borowski