## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

OMAR HAKIM, on behalf of themselves and            )
all others similarly situated,                                       )
                                                                               )
          Plaintiff,                                               )
                                                                               )    Case No. 08-cv-03682
v.                                                                            )
                                                                               )    Hon. Robert M. Dow Jr.
ACCENTURE UNITED STATES PENSION PLAN          )
and ACCENTURE LLP,                                             )
                                                                               )
          Defendants.                                         )

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY

       Plaintiff opposes Defendants' Motion Stay Discovery (Doc. 24) which was filed on August 26, 2008, and is set for presentment on September 4, 2008. In their motion Defendants seek to delay discovery until after the Court rules upon their motion to dismiss. Plaintiff responds as follows:

       1.    District courts enjoy extremely broad discretion in controlling discovery. *Indianapolis Colts v. Mayor & City Council of Baltimore,* 775 F.2d 177, 183 (7th Cir. 1985). The court's power to control discovery is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936). The decision to grant a stay of discovery is committed to a court's sound discretion though that discretion must be exercised consistently with principles of fairness and judicial economy. *Board of Trs. of Teachers' Ret. Sys. Of State of Ill. v. WorldCom, Inc.,* 244 F. Supp. 2d 900, 905-06 (N.D. Ill. 2002).

       2.    The filing of a motion to dismiss does not mandate a stay of discovery pending

resolution of the motion. *In re Sulfuric Acid,* 231 F.R.D. 331, 336 (N.D. Ill. 2005); *Walsh v. Heilmann,* 472 F.3d 505, 505 (7th Cir. 2006). As a Northern District court stated:

> [A] motion to stay will not be granted every time a potentially dispositive issue is placed before the court. Although Rules 26(c) and (d) do give the court authority to stay discovery, this authority must be exercised so as to "secure the just, speedy and inexpensive determination of every action." FED. R. CIV. P. 1. Where the court finds its interference in the discovery process is unlikely to significantly expedite the litigation, and may actually slow it down, it will decline to interfere.

*Builders Assoc. of Greater Chicago v. City of Chicago,* 170 F.R.D. 435, 437 (N.D. Ill. 1996) (denying motion to limit discovery in the face of a jurisdictional challenge).

3.      Indeed this Court specifically warns litigants that "the pendency of a motion – even a dispositive motion – does not operate as an automatic stay of discovery." Judge Robert M. Dow Jr.'s *Case Management Procedures – Discovery – General Procedures.*

4.      Staying the course of litigation once underway is a dramatic disruption to the routine pursuit of a case under the Federal Rules of Civil Procedure which essentially delays or prolongs discovery, causes case management problems, and impedes the court's responsibility to expedite discovery. *Cohn v. Taco Bell Corp.,* 147 F.R.D. 154, 161-62 (N.D. Ill. 1993). For this reason, motions to stay discovery are "not favored," *id.* at 162, are hard to obtain, and are usually limited to the situation where a defendant has raised a very specific type of immunity or where jurisdiction is questions. *See Anderson v. Creighton*, 483 U.S. 635, 646 (1986) (describing immunity). Defendants' motion to dismiss raises neither immunity nor jurisdictional issues.

5.      Defendants' justification for staying and delaying discovery is solely premised on their self-determined chances of the success of their motion to dismiss the entire Complaint—the likelihood of which motion's total success is, at best, speculative. *See Cohn,* 147 F.R.D. at 162 (*citing United States v. Board of Educ. of City of Chicago,* 636 F. Supp. 1046, 1047 (N.D. Ill. 1986)). Instead, a proper motion to delay discovery must be justified in terms of judicial

economy or avoiding irreparable harm if the relief is not granted.  *See Fields v. Johnson,* 1989 WL 134973, at *1 (N.D. Ill. Oct. 13, 1989) (*citing Hess v. Gray,* 85 F.R.D. 15, 27 (N.D. Ill. 1979)).  Defendants' failure to offer any sound reason for the Court to grant their motion to delay discovery is fatal to their motion.  *Id.*

6.    Plaintiff's discovery is neither burdensome nor will it cause irreparable harm to Defendants.

7.    Defendants spent nearly ten months investigating and preparing the evidence to adjudicate Plaintiff's administrative claim.  The only evidence Defendants adduced to prove timely and sufficient § 204(h) notice to Plaintiff was an email sent by Jeanette Harris on Thursday, June 13, 1996, at 4:57 p.m. from William T. Van Lieshout and Patricia R. Willard to five group addresses (generally presumed to be Accenture's human resource directors and benefits coordinators) and twenty-three individual recipients—not one of whom was Plaintiff—directing them to deliver an attached memorandum to thousands of employees in less than twenty-four hours and "no later than Friday afternoon, June 14, 1996."  Defendants' entire rationale for the denial of Plaintiff's claim for benefits is staked on the June 13, 1996 email.   To now state that producing discovery on this point is expensive, difficult, time consuming puts Defendants in a bad spot: either they conducted a thorough investigation into the method and manner of the purported notice's delivery to Plaintiff, in which case they have the information and documents at hand, or they did not, in which case they admit that they failed to give Plaintiff's claim fair consideration.

8.    Moreover Defendants' motion implies that Plaintiff overwhelmed them with discovery.  This is simply untrue.  Of Plaintiff's seventeen requests to produce, ten seek plan documents, government filings, or documents which should have been gathered by Defendants

3

and reviewed as part of the administrative claim; six seek the same documents related to the putative class, and one seeks the documents referenced in Defendants' anticipated interrogatory responses. (A copy of Plaintiff's First Request for Production of Documents is attached hereto as Exhibit A.) The vast majority of Plaintiff's twenty-two interrogatories are directed to establishing who received the June 13, 1996 email discussed above, when it was received, and what action was taken upon its receipt—information which should already be part of the Administrative Record. (A copy of Plaintiff's First Set of Interrogatories is attached hereto as Exhibit B.) And of Plaintiff's twenty four requests to admit, fifteen seek an admission that letters Defendants' letters and plan documents they provided are true and accurate copies; eight seek an admission that the summary plan descriptions do not contain a statement advising participants of their rights to receive information about their plans and benefits, their plan administrators' fiduciary obligations to them, their right to be free of retaliation, and the claims procedure to enforce their rights; and one seeks an admission that Plaintiff was not a recipient of the June 13, 1996 email discussed above. (A copy of Plaintiff's First Request for Admissions is attached hereto as Exhibit C.) These are concise, clear requests which require nothing more than Defendants reviewing the documents against the originals in the file and admitting or denying the requests.

9.     The parties have agreed that Defendants' answers and responses to Plaintiff's discovery are due on September 11, 2008.

10.     For these foregoing reasons Plaintiff respectfully requests that the Court enter an order denying Defendants' Motion to Stay Discovery.

Dated:  August 27, 2008                 Respectfully submitted,

                                        **Schlichter, Bogard & Denton LLP**

                                        By:  /s/ Matthew H. Armstrong
                                             Matthew H. Armstrong
                                             Troy A. Doles
                                             100 S. Fourth Street, Suite 900
                                             St. Louis MO 63102
                                             Tel:    314-621-6115
                                             Fax:    314-621-7151
                                             marmstrong@uselaws.com
                                             tdoles@uselaws.com


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 27, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Mark Casciari
mcasciari@seyfarth.com

Ian H. Morrison
imorrison@seyfarth.com

Barbara H. Borowski
bborowski@seyfarth.com


                                        By:  /s/ Matthew H. Armstrong
                                             Matthew H. Armstrong

# Exhibit A

# UNITED STATES DISTRICT COURT DISTRICT
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OMAR HAKIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-03682 |
| | ) | |
| ACCENTURE UNITED STATES | ) | |
| PENSION PLAN and ACCENTURE LLP, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS DIRECTED TO DEFENDANTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 34, Plaintiff

hereby requests that Defendants Accenture United States Pension Plan and Accenture LLP

produce for inspection and copying by Plaintiff's counsel, within 30 days after service of these

document requests, the Documents requested herein at Defendants' counsel's office or at some

other mutually agreeable location.

## DEFINITIONS

Unless otherwise indicated in the text, the following definitions apply:

A.     "Communications" means any transmission or exchange of information, opinions,

or thoughts whether, orally, in writing, electronically, or otherwise, including but not limited to

conversations, meetings, recordings, minutes, email, letters, notes, and telegraphic, facsimile,

telex or computer assisted electronic messages, instant messaging, SMS text messaging, and

MMS text messaging.

B.     "Concerning" and "Relating" mean assessing, constituting, regarding, containing,

discussing, evidencing, reflecting, identifying, pertaining to, stating, summarizing, and referring

to, in whole or in part, the given subject.

C.     "Defendants" refers to Accenture United States Pension Plan and Accenture LLP as defined in the Complaint.

D.     "Documents" as used herein includes without limitation, contracts, agreements, statements, checks, memoranda of agreements, correspondence, email, email attachments, records, reports, studies, manuals, graphs, payment records, reports, letters, memoranda, preliminary notes, written communications of any kind, instructions, telegraphs, and other typed messages, writings of every kind, nature and description, photographs, phonographic records, magnetic tapes, discs, and every other type of data compilation, all forms of graphic presentation and all forms of data storage and retrieval, whether computer or otherwise, and where the original of any document is not in the possession of Defendants, copies thereof. If multiple copies of a document exist, each copy that is in any way not completely identical to a copy that is being produced should also be produced. Where material responsive to these requests exists in electronic form, it should be produced in electronic form in a useable format along with any hardware and software necessary to fully extract and utilize the information.

E.     "July 1, 1996 Amendment" refers to the alleged amendment to the Plan allegedly effective on July 1, 1996, which is the subject of the Complaint.

F.     "Plan" refers to the defined benefit plan maintained by Accenture LLP and its predecessors in interest for the benefit of its employees, and in effect at any time on and after January 1, 1993, which has at various times been referred to as the "Accenture United States Pension Plan," the "Accenture United States Retirement Plan," the "Anderson Consulting LLP Retirement Plan," the "Anderson Worldwide Societe Cooperative United States Retirement Plan" or by any other name.

G.     "Plan Participant" means any person who has had or may in the future have a right to benefits from the Plan.

## DOCUMENT REQUESTS

1.    The Administrative Record relating to Omar Hakim's claim for benefits (denied on November 27, 2007) and appeal of denial of claim for benefits (denied on April 2, 2008).

2.    The complete personnel file kept by Defendants relating to Omar Hakim.

3.    All communications between Defendants and Omar Hakim concerning his defined benefits from October 4, 1993, to the present.

4.    All Plan documents and amendments and/or revisions to the Plan documents effective from January 1, 1993, to the present.

5.    All Summary Plan Descriptions distributed to Omar Hakim and Plan Participants from January 1, 1993, to the present.

6.    All government filings relating to the Plan, including, but not limited to, Internal Revenue Service Form 5500 and all schedules and attachments which the Plan filed between January 1, 1996 and the present.

7.    All Internal Revenue Service determination letters concerning the Plan from January 1, 1996, to the present.

8.    All notifications and communications concerning the July 1, 1996 Amendment distributed to Omar Hakim prior to July 1, 1996.

9.    All notifications and communications concerning the July 1, 1996 Amendment distributed to all Plan Participants prior to July 1, 1996.

10.    All communications between Defendants and Omar Hakim concerning his eligibility for participation in the Plan from July 1, 1996, to May 16, 2003.

11.    All communications distributed to all Plan Participants concerning eligibility for participation in the Plan from July 1, 1996, to the present.

12.    All documents and communications from January 1, 1993, to the present concerning the content of any notice distributed to Plan Participants relating to the July 1, 1996 Amendment.

13.    All documents and communications from January 1, 1993, to the present concerning the method of distribution of any notice relating to the July 1, 1996 Amendment to Plan Participants.

14.    All documents and communications from January 1, 1993, to the present concerning the actual distribution of any notice relating to the July 1, 1996 Amendment to Plan Participants.

15.    All documents concerning any benefit details for Omar Hakim from October 4, 1993, to the present, including:

    a.  All documents that reflect (on a step-by-step basis with sufficient information to permit replication) the mathematical calculation of all benefits available and/or paid to Omar Hakim;

    b.  The pension plan calculation worksheets;

    c.  The most recent or final statement of account; and

    d.  The actuarial valuation reports.

16.    All documents concerning any benefit details for all Plan Participants from January 1, 1996, to the present, including:

    a.  All documents that reflect (on a step-by-step basis with sufficient information to permit replication) the mathematical calculation of all benefits available and/or paid to Plan Participants;

    b.  The pension plan calculation worksheets;

    c.  The most recent or final statement of account;

    d.  The actuarial valuation reports;

e.  The benefits distribution worksheets; and

f.  All available 1099 information concerning any distribution of pension benefits.

17.  All documents identified or referenced in your responses to Plaintiffs' First Set of Interrogatories Directed to Defendants.

Dated:  July 15, 2008

**Schlichter, Bogard & Denton LLP**

By: _____
Matthew H. Armstrong

100 S. Fourth Street, Suite 900
St. Louis MO 63102
Tel:    314-621-6115
Fax:    314-621-7151
marmstrong@uselaws.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2008, I served the foregoing upon counsel of record by electronic mail and U.S. Mail, first-class postage prepaid, at the following:

Mark Casciari
mcasciari@seyfarth.com

Barbara H. Borowski
bborowski@seyfarth.com

Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago IL 60603-5577

By:  _____
Matthew H. Armstrong

# Exhibit B

## UNITED STATES DISTRICT COURT DISTRICT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OMAR HAKIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-03682 |
| | ) | |
| ACCENTURE UNITED STATES | ) | |
| PENSION PLAN and ACCENTURE LLP, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 33, Plaintiff hereby propounds the following interrogatories upon Defendants Accenture United States Pension Plan and Accenture LLP to be answered under oath by Defendants within 30 days after service of these Interrogatories.

### DEFINITIONS

A.     "Defendants" refers to Accenture United States Pension Plan and Accenture LLP as defined in the Complaint.

B.     "Documents" as used herein includes without limitation, contracts, agreements, statements, checks, memoranda of agreements, correspondence, email, email attachments, records, reports, studies, manuals, graphs, payment records, reports, letters, memoranda, preliminary notes, written communications of any kind, instructions, telegraphs, and other typed messages, writings of every kind, nature and description, photographs, phonographic records, magnetic tapes, discs, and every other type of data compilation, all forms of graphic presentation and all forms of data storage and retrieval, whether computer or otherwise, and where the original of any document is not in the possession of Defendants, copies thereof.  If multiple copies of a document exist, each copy that is in any way not completely identical to a copy that is

1

being produced should also be produced.  Where material responsive to these requests exists in electronic form, it should be produced in electronic form in a useable format along with any hardware and software necessary to fully extract and utilize the information.

C.    "Identify" when used in connection with <u>document</u> means:

    a.    The title and date of the document;

    b.    The name, address, and job description of the person or persons preparing or writing the same, and of the person or persons to whom the document was addressed or distributed, if any.

    c.    The name, address, and job description of the custodian of the original document and state whether or not Defendant is in possession of a copy of the document.

    d.    Whenever it is required that Defendant describe the subject matter of a document, Defendant may attach a copy of said document to its response to these Interrogatories, in lieu of describing in detail the subject matter of such document.

D.    "Identify" when used in connection with <u>person</u> means:

    a.    The name, job description, and business and/or residence address of the person, both at the date referred to in the Interrogatory and at the present time.

E.    "June 13, 1996 Memo and Notice" refers to the memorandum and its attachments dated July 13, 1996, from William T. Van Lieshout and Patricia R. Willard, sent by Jeanette Harris, printed by Gail K. Peterson, and attached to the letter dated November 20, 1997, from Peter C. Zackrison to Richard Anton which was produced with Plaintiff's Initial Disclosures (*see* Hakim 000334—Hakim 00344).

F.      "Plan" refers to the defined benefit plan maintained by Accenture LLP and its predecessors in interest for the benefit of its employees, and in effect at any time on and after January 1, 1993, which has at various times been referred to as the "Accenture United States Pension Plan," the "Accenture United States Retirement Plan," the "Anderson Consulting LLP Retirement Plan," the "Anderson Worldwide Societe Cooperative United States Retirement Plan" or by any other name.

G.      "Plan Participant" means any person who has had or may in the future have a right to benefits from the Plan.

## INTERROGATORIES

1.      Identify the persons who compromise the members of each of the following groups listed in the June 13, 1996 Memo and Notice as recipients:

      (a)      US Office HR Leads.Americas.AC;

      (b)      USH-Benefits Coords Lotus.OA.ASSC;

      (c)      U.S. Benefits Coordinators;

      (d)      U.S. Competency Group Human Resource Directors;

      (e)      U.S. Market Unit Human Resource Directors; and

      (f)      U.S. Office Human Resources Directors.

ANSWER:

2.      Identify each of the following persons whose name is listed in the June 13, 1996 Memo and Notice:

(a)     Jeanette Harris;

(b)     William T. Van Lieshout;

(c)     Patricia R. Willard;

(d)     James P. Stackhouse;

(e)     Brian F. Broadbent;

(f)     Claire M. Grazioso;

(g)     Don Shaw;

(h)     Dorothy Muller;

(i)     Patti B. Johnson;

(j)     Susann F. Bresnahan;

(k)     Christopher P. Mammoser;

(l)     Larry F. Solomon;

(m)     Genevieve C. Cassels;

(n)     Kari C. Meyer;

(o)     Michael K. Adamson;

(p)     David Drysdale;

(q)     Mary B. Fulton;

(r)     Dorothy Muller;

(s)     Dennis J. Nirtaut;

(t)     Rochelle T. O'Hara;

(u)     David L. Reed;

(v)     Jesse B. Tutor;

(w)     Richard C. Wyman;

     (x)    Gail K. Peterson;

     (y)    Laureen C. Palmer; and

     (z)    Marc H. Weinstein.

ANSWER:

3.    State the date on which each of the following persons received the June 13, 1996 Memo and Notice and describe in detail what action each person took in response to receiving the June 13, 1996 Memo and Notice (specifically identifying any persons delegated by the following persons to take action in response to receiving the June 13, 1996 Memo and Notice and the action taken by such delegates):

     (a)    Each member of US Office HR Leads.Americas.AC identified in response to Interrogatory No. 1, above;

     (b)    Each member of USH-Benefits Coords Lotus.OA.ASSC identified in response to Interrogatory No. 1, above;

     (c)    Each member of U.S. Benefits Coordinators identified in response to Interrogatory No. 1, above;

     (d)    Each member of U.S. Competency Group Human Resource Directors identified in response to Interrogatory No. 1, above;

     (e)    Each member of U.S. Market Unit Human Resource Directors identified in response to Interrogatory No. 1, above;

     (f)    Each member of U.S. Office Human Resources Directors identified in response to Interrogatory No. 1, above;

(g)    James P. Stackhouse;

(h)    Brian F. Broadbent;

(i)    Claire M. Grazioso;

(j)    Don Shaw;

(k)    Dorothy Muller;

(l)    Patti B. Johnson;

(m)    Susann F. Bresnahan;

(n)    Christopher P. Mammoser;

(o)    Larry F. Solomon;

(p)    Genevieve C. Cassels;

(q)    Kari C. Meyer;

(r)    Michael K. Adamson;

(s)    David Drysdale;

(t)    Mary B. Fulton;

(u)    Dorothy Muller;

(v)    Dennis J. Nirtaut;

(w)    Rochelle T. O'Hara;

(x)    David L. Reed;

(y)    Jesse B. Tutor;

(z)    Richard C. Wyman;

(aa)    Gail K. Peterson;

(bb)    Laureen C. Palmer; and

(cc)    Marc H. Weinstein.

ANSWER:

    4.      Identify the person(s) responsible for providing the June 13, 1996 Memo and Notice to Omar Hakim.

ANSWER:

    5.      State the date on which the person(s) identified in response to Interrogatory No. 4, above, provided the June 13, 1996 Memo and Notice to Omar Hakim.

ANSWER:

    6.      Describe in detail the manner and method which the person(s) identified in response to Interrogatory No. 4, above, used to provide the June 13, 1996 Memo and Notice to Omar Hakim.

ANSWER:

    7.      Identify all documents which Defendants contend prove that the June 13, 1996 Memo and Notice was provided to Omar Hakim no later than June 15, 1996.

ANSWER:

8.      Identify (including by office location) the persons responsible for providing the June 13, 1996 Memo and Notice to each Plan Participant in each of Accenture's offices.

ANSWER:

9.      State the date on which each person identified in response to Interrogatory No. 8, above, provided the June 13, 1996 Memo and Notice to each Plan Participant in each of Accenture's offices.

ANSWER:

10.     Describe in detail the manner and method which each person identified in response to Interrogatory No. 8, above, used to provide the June 13, 1996 Memo and Notice to each Plan Participant in each of Accenture's offices.

ANSWER:

11.     Identify all documents which Defendants contend prove that the June 13, 1996 Memo and Notice was provided to each Plan Participant in each of Accenture's offices by June 15, 1996.

ANSWER:

12.     Identify the person(s) who provided the following summary plan descriptions to Omar Hakim and the date the summary plan descriptions were provided:

(a)     The 1997 summary plan description; and

(b)     The October 1999 summary plan description.

ANSWER:

13.     Identify Andre P. Hughes and Yvette M. Molina both of whom received a courtesy copy of the email sent by Sarah Foley to Omar Hakim on December 12, 2003 (*see* Hakim 00063), and describe why each received the courtesy copy email.

ANSWER:

14.     Identify the person(s) who, prior to December 16, 1999, explained to Omar Hakim the terms, conditions, and benefits of his December 16, 1999 promotion and transfer.

ANSWER:

15.     Identify all documents, dated prior to December 16, 1999, which Defendants contend explained to Omar Hakim the terms, conditions, and benefits of his December 16, 1999 promotion and transfer.

ANSWER:

16.    State the total number of Plan Participants on July 1, 1996.

ANSWER:

17.    State the total number of Plan Participants who became ineligible to participate in the Plan after July 1, 1996, as the result of subsequently transferring from the service line of Andersen Consulting LLP in which the participant was employed on June 30, 1995, to an ineligible category.

ANSWER:

18.    Identify (i) all of the Plan Participants who became ineligible to participate in the Plan after July 1, 1996, as the result of subsequently transferring from the service line of Andersen Consulting LLP in which the Plan Participant was employed on June 30, 1995, to an ineligible category; and (ii) for each Plan Participant (including Omar Hakim) state his/her:

(a)    Social security number (or other individual identifying number used by the Plan);

(b)    Date of birth;

(c)    Date of hire;

(d)    Compensation history;

(e)    Average monthly earnings for each Plan year;

(f)    Years of benefit service;

(g)     Date of termination or retirement, if any;

(h)     Normal retirement date;

(i)     Retirement benefit;

(j)     Date on which a retirement benefit distribution was made, if any; and

(k)     Amount of distribution, if any.

ANSWER:

19.     Identify (i) all Plan Participants who requested in writing a summary plan description at any time since January 1, 1995; and for each Plan Participant (ii) state the date on which the Plan Administrator received the Plan Participant's written request and (iii) identify the summary plan description sent in response to the Plan Participant's written request.

ANSWER:

20.     State whether the Plan is adequately funded pursuant to the requirements of ERISA and the Internal Revenue Code?

ANSWER:

21.     Identify Defendants' expert witnesses to the full extent required by Rule 26 of the Federal Rules of Civil Procedure.

ANSWER:


22.     Identify (i) the person(s) answering these Interrogatories; (ii) the persons(s) other than legal counsel who prepared or contributed to the preparation of the answers to these interrogatories; (iii) and the documents used in the preparation of the answers to these interrogatories.

ANSWER:


Dated:  July 18, 2008                    **Schlichter, Bogard & Denton LLP**

                                  By: _____
                                       Matthew H. Armstrong
                                       100 S. Fourth Street, Suite 900
                                       St. Louis MO 63102
                                       Tel:    314-621-6115
                                       Fax:    314-621-7151
                                       marmstrong@uselaws.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2008, I served the foregoing upon counsel of record by electronic mail and by FedEx, at the following:

Mark Casciari
mcasciari@seyfarth.com

Ian H. Morrison
imorrison@seyfarth.com

Barbara H. Borowski
bborowski@seyfarth.com

Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago IL 60603-5577

By: _____
Matthew H. Armstrong

Exhibit C

UNITED STATES DISTRICT COURT DISTRICT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OMAR HAKIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-03682 |
| | ) | |
| ACCENTURE UNITED STATES | ) | Hon. Robert M. Dow Jr. |
| PENSION PLAN and ACCENTURE LLP, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS DIRECTED TO DEFENDANTS

Pursuant to Federal Rule of Civil Procedure Rule 36(a), Plaintiff requests Defendants

Accenture United States Pension Plan and Accenture LLP admit, under oath, the following facts

within 30 days after service of these requests.

### REQUESTS TO ADMIT

1.    Admit that the document Bates-stamped Hakim 00075—Hakim 00076, attached
hereto as Exhibit 1, is a true and authentic copy of the letter dated August 31, 2007,
from Peter Zackrison on behalf of the Accenture ERISA Benefits Claims Committee
to Richard H. Anton regarding the Benefits Claim of Omar Hakim Dated July 27,
2007.

**RESPONSE:**

2.    Admit that enclosed with the letter dated August 31, 2007, from Peter Zackrison on
behalf of the Accenture ERISA Benefits Claims Committee to Richard H. Anton
regarding the Benefits Claim of Omar Hakim Dated July 27, 2007, attached hereto as
Exhibit 1, was a copy of the Accenture United States Retirement Plan (Effective July
1, 1999), as amended through the Thirteenth Amendment (formerly known as the
Andersen Consulting LLP United States Retirement Plan); a copy of the Accenture
United States Pension Plan (As amended and Restated Effective January 1, 2004), as

1

amended through the Twelfth Amendment; and a copy of the Accenture United States Pension Plan Summary Plan Description effective January 1, 2007.

**RESPONSE:**

3.    Admit that the document Bates-stamped Hakim 00077—Hakim 00189, attached hereto as Exhibit 2, is a true and authentic copy of the Andersen Consulting LLP United States Retirement Plan, as amended and restated effective July 1, 1999.

**RESPONSE:**

4.    Admit that the document Bates-stamped Hakim 00190—Hakim 00303, attached hereto as Exhibit 3, is a true and authentic copy of the Accenture United States Pension Plan, as amended and restated effective January 1, 2004.

**RESPONSE:**

5.    Admit that the document Bates-stamped Hakim 00304—Hakim 00316, attached hereto as Exhibit 4, is a true and authentic copy of the Accenture United States Pension Plan Summary Plan Description effective January 1, 2007.

**RESPONSE:**

6.    Admit that the Accenture United States Pension Plan Summary Plan Description effective January 1, 2007, attached hereto as Exhibit 4, does not contain a statement advising participants of their rights to receive information about their plans and benefits, their plan administrators' fiduciary obligations to them, their right to be free of retaliation, and the claims procedure to enforce their rights.

**RESPONSE:**

7.    Admit that the document Bates-stamped Hakim 00334—Hakim 00344, attached hereto as Exhibit 5, is a true and authentic copy of the letter dated November 20, 2007, from Peter C. Zackrison on behalf of the Accenture ERISA Benefits Claims Committee to Richard H. Anton regarding the Benefits Claim of Omar Hakim Dated July 27, 2007.

**RESPONSE:**

8.    Admit that the document Bates-stamped Hakim 00475—Hakim 00478, attached hereto as Exhibit 6, is a true and authentic copy of the legal notice of the July 1, 1996 amendment to Section 2.2 of the Andersen Worldwide Plan, including the special grandfathering rule in Section 2.2(b)(1), which you purport was distributed to members in June 1996.

**RESPONSE:**

9.    Admit that Omar Hakim is not listed as a recipient of the legal notice of the July 1, 1996 amendment to Section 2.2 of the Andersen Worldwide Plan, including the special grandfathering rule in Section 2.2(b)(1), attached hereto as Exhibit 6, which your purport was distributed to members in June 1996.

**RESPONSE:**

10.    Admit that the document Bates-stamped Hakim 00347—Hakim 00348, attached hereto as Exhibit 7, is a true and authentic copy of the letter dated January 25, 2008, from Peter Zackrison on behalf of the Accenture ERISA Benefits Claims Committee to Richard H. Anton regarding the Benefits Appeal of Omar Hakim Dated November 29, 2007.

**RESPONSE:**

11.     Admit that enclosed with the letter dated January 25, 2008, from Peter Zackrison on behalf of the Accenture ERISA Benefits Claims Committee to Richard H. Anton regarding the Benefits Appeal of Omar Hakim Dated November 29, 2007, attached hereto as Exhibit 7, was a copy of the Summary Plan Description of the Andersen Consulting LLP Retirement Plan October 1999; a copy of the Accenture United States Retirement Plan Summary Plan Description effective January 1, 2001; a copy of the Accenture United States Retirement Plan Summary Plan Description effective January 1, 2003; and three Summary Plan Descriptions of the Andersen Worldwide Societe Cooperative United States Retirement Plan dated 1995, 1996 and 1997.

**RESPONSE:**

12.     Admit that the document Bates-stamped Hakim 00349—Hakim 00358, attached hereto as Exhibit 8, is a true and authentic copy of the Summary Plan Description of the Andersen Consulting LLP Retirement Plan October 1999.

**RESPONSE:**

13.     Admit that the Summary Plan Description of the Andersen Consulting LLP Retirement Plan October 1999, attached hereto as Exhibit 8, does not contain a statement advising participants of their rights to receive information about their plans and benefits, their plan administrators' fiduciary obligations to them, their right to be free of retaliation, and the claims procedure to enforce their rights.

**RESPONSE:**

14.     Admit that the document Bates-stamped Hakim 00359—Hakim 00365, attached hereto as Exhibit 9, is a true and authentic copy of the Accenture United States Retirement Plan Summary Plan Description effective January 1, 2001.

**RESPONSE:**

15.   Admit that the Accenture United States Retirement Plan Summary Plan Description effective January 1, 2001, attached hereto as Exhibit 9, does not contain a statement advising participants of their rights to receive information about their plans and benefits, their plan administrators' fiduciary obligations to them, their right to be free of retaliation, and the claims procedure to enforce their rights.

**RESPONSE:**

16.   Admit that the document Bates-stamped Hakim 00366—Hakim 00376, attached hereto as Exhibit 10, is a true and authentic copy of the Accenture United States Retirement Plan Summary Plan Description effective January 1, 2003.

**RESPONSE:**

17.   Admit that the Accenture United States Retirement Plan Summary Plan Description effective January 1, 2003, attached hereto as Exhibit 10, does not contain a statement advising participants of their rights to receive information about their plans and benefits, their plan administrators' fiduciary obligations to them, their right to be free of retaliation, and the claims procedure to enforce their rights.

**RESPONSE:**

18.   Admit that the document Bates-stamped Hakim 00380—Hakim 00410, attached hereto as Exhibit 11, is a true and authentic copy of the Andersen Worldwide Societe Cooperative United States Retirement Plan dated 1995.

**RESPONSE:**

19.    Admit that the Andersen Worldwide Societe Cooperative United States Retirement Plan dated 1995, attached hereto as Exhibit 11, does not contain a statement advising participants of their rights to receive information about their plans and benefits, their plan administrators' fiduciary obligations to them, their right to be free of retaliation, and the claims procedure to enforce their rights.

**RESPONSE:**

20.    Admit that the document Bates-stamped Hakim 00411—Hakim 00441, attached hereto as Exhibit 12, is a true and authentic copy of the Andersen Worldwide Societe Cooperative United States Retirement Plan dated 1996.

**RESPONSE:**

21.    Admit that the Andersen Worldwide Societe Cooperative United States Retirement Plan dated 1996, attached hereto as Exhibit 12, does not contain a statement advising participants of their rights to receive information about their plans and benefits, their plan administrators' fiduciary obligations to them, their right to be free of retaliation, and the claims procedure to enforce their rights.

**RESPONSE:**

22.    Admit that the document Bates-stamped Hakim 00442—Hakim 00472, attached hereto as Exhibit 13, is a true and authentic copy of the Andersen Worldwide Societe Cooperative United States Retirement Plan dated 1997.

**RESPONSE:**

23.    Admit that the Andersen Worldwide Societe Cooperative United States Retirement Plan dated 1997, attached hereto as Exhibit 13, does not contain a statement advising participants of their rights to receive information about their plans and benefits, their plan administrators' fiduciary obligations to them, their right to be free of retaliation, and the claims procedure to enforce their rights.

**RESPONSE:**

24.    Admit that the document Bates-stamped Hakim 00480—Hakim 00483, attached hereto as Exhibit 14, is a true and authentic copy of the letter dated April 2, 2008, from Peter C. Zackrison on behalf of the Accenture ERISA Benefits Claims Committee to Richard H. Anton regarding the Benefits Appeal of Omar Hakim.

**RESPONSE:**

Dated: July 18, 2008                 **Schlichter, Bogard & Denton LLP**

                                     By: _____
                                         Matthew H. Armstrong
                                         100 S. Fourth Street, Suite 900
                                         St. Louis MO 63102
                                         Tel:    314-621-6115
                                         Fax:    314-621-7151
                                         marmstrong@uselaws.com

7

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2008, I served the foregoing upon counsel of record by electronic mail and by FedEx, at the following:

Mark Casciari
mcasciari@seyfarth.com

Ian H. Morrison
imorrison@seyfarth.com

Barbara H. Borowski
bborowski@seyfarth.com

Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago IL 60603-5577

By: _____
      Matthew H. Armstrong