IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR HAKIM, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACCENTURE UNITED STATES PENSION PLAN and ACCENTURE LLP,<br><br>Defendants. | Case No. 1:08-cv-03682<br><br>Judge Robert M. Dow, Jr. |

## JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER

Defendants, ACCENTURE UNITED STATES PENSION PLAN and ACCENTURE LLP, and Plaintiff, OMAR HAKIM, by their respective attorneys, move that the Court approve and enter the parties joint proposed protective order attached hereto as Exhibit 1. In support of this motion, the parties state as follows:

1. The parties may produce in this action documents falling into these categories: (1) social security numbers; (2) home addresses; (3) telephone numbers; (4) financial account numbers; (5) salary and benefit data that reveal or reflect the compensation or benefits of any employee other than Plaintiff; (6) credit history; (7) medical history and treatment, (8) personnel or personal data for any employees other than Plaintiff, (9) proprietary business or client information, and/or (10) business strategies (whether in a personnel document or otherwise). The parties believe that these categories of documents concern proprietary or financial information, trade secret information and information that is personal and private.

2. The parties have agreed to treat information that falls within the enumerated categories as confidential. Access to this information should be restricted, and not distributed outside this litigation or to the public.

3.  Counsel for defendants and counsel for plaintiff have conferred and agreed to entry of the attached protective order.

4.  The proposed protective order permits defendants' counsel and plaintiff's counsel to review and use the confidential information with their clients and certain non-party witnesses, so long as these witnesses are provided a copy of the protective order and they agree not to disclose the confidential information.

5.  Pursuant to this Court's standing order, to the extent that any materials or information subject to the protective order are proposed to be filed under seal, the party filing the document will also file a public-record version that includes the entire filing except for the portions that are being filed under seal.

WHEREFORE, the parties request that the Court grant this motion and enter the attached protective order.

Date: August 29, 2008                                    **Respectfully submitted,**

| _s/ Matthew H. Armstrong_<br>Matthew H. Armstrong<br>Jerome J. Schlichter<br>Roger C. Denton<br>Schlichter Bogard & Denton LLP<br>100 South Fourth Street<br>Suite 900<br>St. Louis, MO 63102<br>314-621-6115<br>marmstrong@uselaws.com | s/ Mark Casciari<br>Mark Casciari<br>mcasciari@seyfarth.com<br>Ian H. Morrison<br>imorrison@seyfarth.com<br>Barbara H. Borowski<br>bborowski@seyfarth.com<br>Seyfarth Shaw, LLP<br>131 S. Dearborn, Suite 2400<br>Chicago, IL 60603<br>Phone: 312/460-5000<br>Facsimile: 312/460-7000 |
|---|---|

## CERTIFICATE OF SERVICE

I, Barbara H. Borowski, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **MOTION FOR ENTRY OF A PROTECTIVE ORDER** to be served upon the following counsel through the Court's electronic notification system, on this 29th day of August, 2008:

> **Matthew H. Armstrong**
> **Jerome J. Schlichter**
> **Roger C. Denton**
> Schlichter Bogard & Denton LLP
> 100 South Fourth Street
> Suite 900
> St. Louis, MO 63102
> 314-621-6115
> marmstrong@uselaws.com

                              s/ Barbara H. Borowski

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| OMAR HAKIM, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACCENTURE UNITED STATES PENSION PLAN and ACCENTURE LLP,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:08-cv-03682 |
|---|---|---|

## PROTECTIVE ORDER

Accordingly, for good cause shown, it is this ____ day of _____, 2008, by the United States District Court for the Northern District of Illinois, ORDERED:

### Definitions

1. All words or phrases have their ordinary dictionary definition unless defined below.

2. "Party" or "Parties" means Plaintiffs and Defendants in this action.

3. "Non-party" or "Non-parties" means any person or entity other than Plaintiffs and Defendants in this action who agrees in writing to be bound by the terms of this Order.

4. "Counsel" means any counsel of record, co-counsel, or local counsel of a Party and their paralegal, secretarial, and support personnel and other assistants to whom it is reasonably necessary to disclose the tangible and intangible materials and other information described below for purposes of this lawsuit.

5. "Independent Expert" and "Independent Consultant" means a person who is not a regular employee, officer, director, or owner in any capacity of a Party, but who is retained by a Party or Counsel for the purpose of assisting in this litigation.

6. "Confidential Information" means non-public information designated by a party that it believes, in good faith, constitutes confidential information falling into one of the following categories: (1) social security numbers; (2) home addresses; (3) telephone numbers; (4) financial account numbers; (5) salary and benefit data that reveal or reflect the compensation or benefits of any employee other than Plaintiff; (6) credit history; (7) medical history and treatment; (8) personnel or personal data for any employees other than Plaintiff; (9) proprietary business or client information; and/or (10) business strategies (whether in a personnel document or otherwise).

## Designation of Protected Information

7. *Designation of Materials as Confidential.* All documents, defined as in Fed. R. Civ. P. 34 and defined to include electronically stored information, produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, all videotapes and/or graphic images and other information obtained in response to requests for inspection or other discovery requests, and all deposition testimony and all materials used or referenced in depositions, whether or not marked as exhibits, shall be subject to this Order concerning Confidential Information, as set forth below:

   a. With respect to documents, the designation of Confidential Information shall be made by placing or affixing on the document, in a manner that will not interfere with its legibility, the word "Confidential." Affixing a

"Confidential" legend on the cover of any multi-page document shall be sufficient to designate the entire document as Confidential. Except for documents produced for inspection at the Party's or Non-party's facilities, the designation of Confidential Information shall be made prior to or contemporaneously with, the production or disclosure of that information.

  b. In the event that documents are produced for inspection at the Party's or Non-party's facilities, such documents may be produced for inspection before being marked Confidential. Once specific documents have been designated for copying, any documents containing Confidential Information will then be marked Confidential after copying but before delivery to the Party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of documents containing Confidential Information before they are copied and marked Confidential pursuant to this procedure.

  c. Parties or Non-parties may designate depositions or other testimony as Confidential by any one of the following means: (1) stating orally on the record that the information is Confidential and the portions for which such designation is made, on the day that testimony is given; or (2) sending written notice designating information as Confidential.

  d. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents containing Confidential Information shall be treated as Confidential Information subject to

the provisions of this Order and should be marked "Confidential" if that word does not already appear.

  e. CDs, DVDs, hard drives and/or any other storage mediums, which a party believes in good faith contains Confidential Information and shall be treated as Confidential Information subject to the provisions of this Order.

  8. *Designation not Determinative.* Nothing in this Order shall be deemed to preclude any Party, or any interested member of the public, from challenging the designation of any document, material, or other information as Confidential.

  9. *Modification of Designation.* The designation of materials as Confidential by the producing Party or Non-party may be modified or eliminated at any time.

  10. *Subsequent Designation.* Documents and information produced in the litigation that are not identified as "Confidential" when they were initially produced may within a reasonable time thereafter be designated as "Confidential" by the producing Party or Non-Party, or by the Party or Parties receiving the production, by providing written notice to Counsel for all other Parties.

## Use or Disclosure of Confidential Information

  11. *Applicability of Order.* The terms of this Order apply only to the pretrial discovery stage of this lawsuit. However, nothing herein shall preclude either Party from seeking the assistance of the Court in maintaining the confidential nature of any evidence that is presented at hearing or trial.

  12. *Use of Confidential Information – In General.* Information or documents designated as Confidential under this Order shall not be used or disclosed for any

purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed.

13.  *Persons to Whom Confidential Information May Be Disclosed.* Except as otherwise directed by this Court, the Parties and Counsel shall not disclose or permit the disclosure of any documents or information designated as Confidential under this Order to any other person or entity, except that disclosure may be made to the following third parties:

   a.  The Court and to the Court's staff;

   b.  Counsel for the Parties;

   c.  The Parties and their employees who are, in good faith, required to provide assistance in the conduct of this litigation;

   d.  Independent experts and consultants retained by a Party in connection with this litigation;

   e.  Court reporters engaged for depositions and those persons, if any, engaged for the limited purpose of photocopying/scanning documents;

   f.  Mediator(s), arbitrator(s), or special master(s) attempting to assist in resolving or adjudicating all or any portion of this matter;

   g.  Independent fiduciaries retained by a Party in connection with this litigation; and/or

   h.  Actual or potential deposition or trial witnesses (and their counsel).

Prior to disclosure to any third party identified in subparagraphs (d)-(h) of this paragraph, the disclosing party must provide the third party with a copy of this Order and the third

party must agree to abide by the provisions of this Order. Nothing in this Protective Order shall place any restrictions on a Party's use of its own documents or information.

14. *Counsel's Protection of Confidential Information.* Except as otherwise provided in paragraph 13 above, Counsel shall keep all documents designated as Confidential that are received under this Order within their exclusive possession and shall take reasonable efforts to place such documents in a safe area.

15. *Filing of Confidential Materials.* To the extent that any materials subject to this Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, the Parties shall adhere to LR 5.8, LR 26.2, General Order 07-0023 (General Order on Electronic Filing), and all other applicable local rules of the United States District Court for the Northern District of Illinois regarding the protection of privacy and the filing of sealed motions/documents.

16. *Challenging the Filing of Material Designated as Confidential.* If any Party objects to the designation of any materials as Confidential, that Party may challenge the designation pursuant to following procedure:

    (a)    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party.

    (b)    If the Parties are unable to resolve their differences, they shall so state in writing. The Designating Party must then file a Motion for a Protective Order or request a conference with the Court within

fourteen (14) days thereafter; otherwise, the document will no longer be deemed Confidential.

(c) The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the motion, Confidential Information shall continue to be treated as so designated and any papers filed with the Court may not include such Confidential Information, but may redact the Confidential Information or refer to the documents containing Confidential Information by proper identification, such as Bates Stamp number or date and author.

17. Nothing in this Protective Order shall prevent any Party from disclosing its own Confidential materials as it deems appropriate and any such disclosure shall not be deemed a waiver of any kind whatsoever or a waiver of any other Party's obligation under the Protective Order.

18. *Return of Confidential Material at Conclusion of Litigation.* At the conclusion of the litigation, all material treated as Confidential under this Order and not received in evidence shall be returned to the originating Party. If the Parties so stipulate, the material may be destroyed instead of being returned.

19. The production of any information which is subsequently claimed to be subject to the attorney-client privilege or the work product doctrine shall not operate as a waiver of that privilege or protection for the information produced. There additionally shall be no waiver of privilege for communications or documents which may be

referenced in any information which produced by a party, and is subsequently identified as being subject to the attorney client privilege or the work product doctrine.

20. *Stipulated.* This Protective Order shall serve as a stipulation and binding agreement between the parties and shall be effective immediately upon signature by counsel for the parties, before and after entry as an Order by the Court.

Date: _____    **SO ORDERED:**

_____
UNITED STATES DISTRICT JUDGE