**UNITED STATES DISTRICT COURT DISTRICT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| OMAR HAKIM, individually, and on behalf of all others similarly situated, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:08-cv-03682 |
| ACCENTURE UNITED STATES PENSION PLAN, ACCENTURE LLP, ACCENTURE INC., ACCENTURE LLC and ACCENTURE LTD., | ) ) ) ) ) | Judge Robert M. Dow, Jr. |
| Defendants. | ) ) | |

**<u>FIRST AMENDED COMPLAINT</u>**

COMES NOW, Plaintiff, Omar Hakim, individually and on behalf of all others similarly situated, pursuant FED. R. CIV. P. 15(a)(1)(A), and for his first amended Complaint against Defendants, Accenture United States Pension Plan, Accenture LLP, Accenture Inc., Accenture LLC, and Accenture Ltd., states as follows:

<u>The Parties</u>

1.     Plaintiff Omar Hakim is a citizen of the United States who resides Austin, Texas, and is a "participant" in the Accenture United States Pension Plan within the meaning of the Employment Retirement Income Security Act ("ERISA") § 3(7), 29 U.S.C. § 1002(7).

2.     Defendant Accenture United States Pension Plan (the "Plan") is a "defined benefit plan" within the meaning of ERISA § 3(35), 29 U.S.C. § 1002(35).  The Plan, formerly known as the Accenture United States Retirement Plan, is the successor in

interest to the Andersen Consulting LLP Retirement Plan which, in turn, was the successor in interest to the Andersen Worldwide Socitete Cooperative United States Retirement Plan.  The Plan is administered in Chicago, Illinois, in this judicial District.

3.      Defendant Accenture LLP ("Accenture") is an Illinois limited liability partnership doing business and administering the Plan in Chicago, Illinois, in this judicial District, and is the "Plan Administrator" and a "Plan Sponsor" of the Accenture United States Pension Plan within the meaning of ERISA § 3(16), 29 U.S.C. § 1002(16).

4.      Defendant Accenture Inc. is a Delaware corporation doing business in Chicago, Illinois, in this judicial District, is one of two partners in Accenture LLP, is a "Party In Interest" within the meaning of ERISA § 3(14), 29 U.S.C. § 1002(14), and is a "Plan Sponsor" of the Accenture United States Pension Plan within the meaning of ERISA § 3(16), 29 U.S.C. § 1002(16).

5.      Defendant Accenture LLC is a Delaware limited liability corporation doing business in Chicago, Illinois, in this judicial District, is one of two partners in Accenture LLP, is a "Party In Interest" within the meaning of ERISA § 3(14), 29 U.S.C. § 1002(14), and is a "Plan Sponsor" of the Accenture United States Pension Plan within the meaning of ERISA § 3(16), 29 U.S.C. § 1002(16).

6.      Defendant Accenture Ltd. is a Bermuda publicly-traded holding company doing business in Chicago, Illinois, in this judicial District, is the ultimate parent of Defendants Accenture Inc. and Accenture LLC which, in turn, are the two partners in Accenture LLP, is a "Party In Interest" within the meaning of ERISA § 3(14), 29 U.S.C. § 1002(14), and is a "Plan Sponsor" of the Accenture United States Pension Plan within the meaning of ERISA § 3(16), 29 U.S.C. § 1002(16).

<u>Jurisdiction and Venue</u>

7.      This is a civil enforcement action brought pursuant to ERISA § 502(a) and (c), 29 U.S.C. § 1132(a) and (c).  This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

8.      Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. §1132(e)(2), in that the breach upon which the suit is premised occurred in this District, damages occurred directly to Plaintiff in this District and/or because the Plan may be found in this District.

<u>Nature of this Action</u>

9.      In Counts I and II, Plaintiff and the Class seek injunctive relief against Defendants pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), in the form of a declaration that the purported amendment to the Plan purportedly effective on July 1, 1996, is ineffective, invalid, and void *ab initio* because of defective and insufficient notice in violation of ERISA § 204(h), 29 U.S.C. § 1054(h).

10.     In Count III Plaintiff and the Class seek injunctive relief against Defendants pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), in the form of a declaration that the Summary Plan Descriptions distributed to Plaintiff and other participants beginning in 1997 are insufficient in violation of ERISA § 102, 29 U.S.C. § 1022.

11.     In Counts I-III, Plaintiff and the Class seek injunctive relief pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3), in the form of a court order requiring Defendants to recalculate their pension benefits under the terms of the Plan in effect prior July 1, 1996.

12.     Incidental to the injunctive relief sought in Counts I-III against Defendants pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3), and mechanically flowing from that injunctive relief, Plaintiff and the Class also seek a court order requiring Defendants to create a common fund from which Defendants are ordered to make actuarially equivalent lump sum payments to Plaintiff and Class members in an amount equal to the difference between their pension benefits as calculated under the unlawful purported amendment and as re-calculated under the terms of the Plan in effect prior to July 1, 1996.

13.     Alternatively, in Count IV, Plaintiff and the Class seek a judgment against Defendants pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), for the unlawful computation of their pension benefits in violation of ERISA as set out in Counts I-III and seek damages in the form of a common fund from which Defendants are ordered to make actuarially equivalent lump sum payments to Plaintiff and Class members in an amount equal to the difference between their pension benefits as calculated under the unlawful purported amendment and as re-calculated under the terms of the Plan in effect prior to July 1, 1996.

14.     In Count V, Plaintiff and the Class seek statutory damages against Defendants pursuant to ERISA § 502(c)(1), 29 U.S.C. §1132(c)(1), for failing to provide summary plan descriptions which set out their ERISA rights in compliance with ERISA § 104, 29 U.S.C. § 1024, and the related promulgated regulations.

General Allegations of Fact

15.     Accenture LLP (then known as Andersen Consulting LLP) hired Plaintiff on October 4, 1993, to work in its Los Colinas, Texas office (in the Dallas/Ft. Worth metroplex).

16.     At the time Plaintiff was hired, Accenture had a "defined benefit plan" within the meaning of ERISA § 3(35), 29 U.S.C. § 1002(35).

17.     As of October 4, 1993, Plaintiff became a "participant" in the Plan within the meaning of ERISA §3(7), 29 U.S.C. § 1002(7), and accrued benefits under the terms of the Plan.

18.     On December 16, 1999, Accenture promoted and transferred Plaintiff to a new service line within the company.

19.     Defendants terminated Plaintiff's employment with on May 16, 2003, due to a workforce reduction.

20.     On or about July 7, 2003, Plaintiff received a final statement of benefits from Defendants showing that for 6.202 years of service during the period from October 4, 1993 to December 16, 1999, he accrued a monthly benefit in the amount of $766.28 from the Plan in the form annuity payable commencing at age 62.

21.     On July 21, 2003 Plaintiff contacted Defendants to request a recalculation of his monthly benefit using 9.619 years of service from October 4, 1993, to his May 16, 2003 termination date, which, according to Plaintiff's current calculations, should produce an annuity payable commencing at age 62 in the amount of $1,963.76 per month.

22.     Defendants refused Plaintiff's July 21, 2003 request for benefits and have denied all subsequent requests and appeals.

23.    On December 12, 2003, Defendants informed Plaintiff that pursuant to the terms of a purported amendment to the Plan which they intended to be effective July 1, 1996 (the "Purported Amendment"), Defendants designated Plaintiff ineligible to participate in the Plan on December 16, 1999.

24.    The fact that Plaintiffs' accrual of benefits under the Plan purportedly ceased on December 16, 1999, was unknown to Plaintiff at that time or at any time until after his subsequent termination of employment with Accenture.

25.    Plaintiff did not receive any notice of the Purported Amendment.

26.    Plaintiff did not receive any notice of the cessation of his accrual of benefits.

27.    Defendants' December 12, 2003, correspondence did not inform Plaintiff of his rights under ERISA or inform him of the process for making an administrative claim.

28.    On July 9, 2007, Defendants informed Plaintiff that he had not exhausted his administrative remedies and invited him to do so in response to letter from Plaintiff notifying Defendants that he intended to file a lawsuit for his benefits.

29.    On July 27, 2007, Plaintiff made an administrative claim for benefits.

30.    On November 20, 2007, Defendants denied Plaintiff's administrative claim.

31.    On November 29, 2007, Plaintiff appealed the denial of his claim for benefits.

32.    On April 2, 2008, Defendants denied Plaintiff's appeal, informed him that he had now exhausted his administrative remedies under the Plan's terms, and notified him that could "exercise his right to bring a civil lawsuit in federal court under Section 502(a) of ERISA to challenge this adverse benefit determination" within 120 days of the date of the letter.

33.   Plaintiff exhausted his administrative remedies.

34.   The Plan is adequately funded in accordance with the requirements of ERISA and the Internal Revenue Code.

### Class Action Allegations

35.   Plaintiff requests that this Court certify the following Class for Counts I-IV:

> All individuals (and their beneficiaries) who participated in and accrued benefits under the Accenture United States Pension Plan or its predecessor or successor plans at any time before July 1, 1996, and who continued to accrue benefits for any period of time after July 1, 1996.

36.   Plaintiff requests that this Court certify the following Class for Count V:

> All individuals (and their beneficiaries) who participated in and accrued benefits under the Accenture United States Pension Plan or its predecessor or successor plans at any time before July 1, 1996, and who requested in writing a summary plan description.

37.   Excluded from both proposed Classes are Defendants' attorneys and their staff, the staff and employees in Defendants' benefits and law departments, their assigns or successors, and any judges assigned to this case and any member of such judge's immediate family.

38.   Certification of this class is appropriate pursuant to Rule 23(b)(1), Fed. R. Civ. P. 23(b)(1), because there is a risk that the prosecution of separate actions would establish incompatible standards of conduct for Defendants regarding the proper method for computing the pension benefits of all similarly situated participants.

39.   Certification of this class is also appropriate pursuant to Rule 23(b)(2), Fed. R. Civ. P. 23(b)(2), because Defendants miscalculated and continue to miscalculate the pension benefits of Plaintiff and all similarly situated participants using the same methodology contested here; and therefore the Defendants acted or refused to act on

grounds generally applicable to the Class making appropriate final injunctive relief or declaratory relief with respect to the Class as a whole.

40.    The conduct complained of is widespread, affecting thousands of active and vested former Plan participants, making joinder of all claims impracticable.

41.    Plaintiff's claims are typical of those of the Class in that the conduct complained of is Defendants failure to notify the Class of the Purported Amendment in accordance with the requirements of ERISA, failure to distribute summary plan descriptions in accordance with the requirements of ERISA, and failure to lawfully calculate their pension benefits.

42.    There are common questions of law and fact which predominate.   The common questions of law and fact include, among others:

i.    Whether Defendants violated ERISA § 204(h) by failing to provide Plaintiff and Class members with a written notice setting forth the Purported Amendment within 15 days of its purported effective date;

ii.    Whether Defendants violated ERISA § 204(h) by failing to provide Plaintiff and Class members with a written notice setting forth the Purported Amendment;

iii.    Whether the Purported Amendment is ineffective, invalid, and void *ab initio* as a matter of law;

iv.    Whether Defendants violated ERISA § 102(a), by failing to provide Plaintiff and Class members with Summary Plan Descriptions written in a manner calculated to be understood by

the average plan participant and sufficiently accurate and comprehensive to apprise participants and beneficiaries of their rights and obligations under the plan;

v.      Whether Defendants violated ERISA § 102(b), by failing to provide Plaintiff and Class members with Summary Plan Descriptions containing the Plan's eligibility requirements for benefits as well as the circumstances which may result in disqualification, ineligibility or denial or loss of benefits;

vi.      Whether Plaintiff and the Class members are entitled to injunctive relief;

vii.      Whether Plaintiff and the Class are entitled to incidental damages;

viii.      Whether Defendants violated ERISA and its related promulgated regulations by failing to provide Plaintiff and Class members with Summary Plan Descriptions containing a statement of participants' ERISA rights, the administrative claims/appeal process, and other required information; and

ix.      Whether Plaintiff and the Class members are entitled to statutory damages.

43.   Plaintiff will fairly and adequately represent the interests of the members of the Class. His interests are the same as, and not in conflict with, the other members of the Class. Plaintiff's counsel is experienced in and competent to handle class actions and complex litigation of this type.

## COUNT I

### (Violation of ERISA § 204(h)—Failure to Give Timely Notice)

44.    Plaintiff incorporates by reference the allegations of paragraphs 1-43 above in this Count.

45.    Section 204(h) of ERISA (the version in effect in 1996) provided that a plan may not be amended to provide for a significant reduction in the rate of future benefit accrual, unless, after adoption of the plan amendment and not less than 15 days before the effective date of the plan amendment, the plan administrator provides written notice, setting forth the plan amendment and its effective date to each participant in the plan. ERISA § 204(h), 29 U.S.C. § 1054(h) (1996).

46.    The Purported Amendment, if effective, significantly reduced Plaintiff's rate of benefit accrual—it reduced it to zero.

47.    The Purported Amendment would have been effective on July 1, 1996.

48.    In order to comply with Section 204(h), Defendants were required by law to provide Plaintiff and the Class with written notice of the Purported Amendment no later than June 15, 1996.

49.    Defendants failed to provide Plaintiff and the Class with written notice of the Purported Amendment by June 15, 1996.

50.    Defendants' failure to provide timely notice of the Purported Amendment violated ERISA § 204(h), 29 U.S.C. § 1054(h) (1996).

51.    As a result of Defendants' violation of Section 204(h), Plaintiff and the Class have lost substantial sums in pension benefits.

52.     Pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3), Plaintiff and the Class are entitled to appropriate equitable relief to redress the Defendants' violation of Section 204(h) in the form of an order declaring the Purported Amendment ineffective and for the incidental monetary relief mechanically flowing from that injunctive relief in a common fund equal to the difference between their pension benefits as calculated under the unlawful Purported Amendment and as re-calculated under the terms of the Plan in effect prior to July 1, 1996.

### COUNT II

**(Violation of ERISA § 204(h)—Failure to Give Proper Notice)**

53.     Plaintiff incorporates by reference the allegations of paragraphs 1-43 above in this Count.

54.     Section 204(h) of ERISA (the version in effect in 1996) provided that a plan may not be amended to provide for a significant reduction in the rate of future benefit accrual, unless, after adoption of the plan amendment and not less than 15 days before the effective date of the plan amendment, the plan administrator provides written notice, setting forth the plan amendment and its effective date to each participant in the plan. ERISA § 204(h), 29 U.S.C. § 1054(h) (1996).

55.     The Purported Amendment, if effective, significantly reduced Plaintiff's rate of benefit accrual—it reduced it to zero.

56.     The Purported Amendment would have been effective on July 1, 1996.

57.     In order to comply with Section 204(h), Defendants were required by law to provide Plaintiff and the Class with written notice of the wording of the amendment and the fact that their benefits may be reduced by the amendment.

58.    Defendants failed to provide Plaintiff and the Class with written notice of the wording of the amendment and the fact that their benefits may be reduced by the amendment.

59.    Defendants' failure to provide Plaintiff and the Class with written notice of the wording of the amendment and the fact that their benefits may be reduced by the amendment violated ERISA § 204(h), 29 U.S.C. § 1054(h) (1996).

60.    As a result of Defendants' violation of Section 204(h), Plaintiff and the Class have lost substantial sums in pension benefits.

61.    Pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3), Plaintiff and the Class are entitled to appropriate equitable relief to redress the Defendants' violation of Section 204(h) in the form of an order declaring the Purported Amendment ineffective and the incidental monetary relief mechanically flowing from that injunctive relief in a common fund equal to the difference between their pension benefits as calculated under the unlawful Purported Amendment and as re-calculated under the terms of the Plan in effect prior to July 1, 1996.

## **COUNT III**

**(Violation of ERISA § 102—Failure to Provide Proper Summary Plan Descriptions)**

62.    Plaintiff incorporates by reference the allegations of paragraphs 1-43 above in this Count.

63.    Section 102(a) of ERISA requires that summary plan descriptions must be written in a manner calculated to be understood by the average plan participant and must be sufficiently accurate and comprehensive to apprise participants and beneficiaries of their rights and obligations under the plan.   ERISA § 102(a), 29 U.S.C. § 1022(a).

64.   Section 102(b) of ERISA requires that summary plan descriptions must contain the plan's eligibility requirements for benefits as well as the circumstances which may result in disqualification, ineligibility or denial or loss of benefits. ERISA § 102(b), 29 U.S.C. § 1022(b).

65.   The eligibility requirements set forth in Defendants' 1997 Summary Plan Description fail to comply with Section 102 of ERISA.

66.   The eligibility requirements set forth in Defendants' 1999 Summary Plan Description fail to comply with Section 102 of ERISA.

67.   The eligibility requirements set forth in Defendants' 2001 Summary Plan Description fail to comply with Section 102 of ERISA.

68.   The eligibility requirements set forth in Defendants' 2003 Summary Plan Description fail to comply with Section 102 of ERISA.

69.   But for Defendants' omission of a comprehensible description of eligibility in Defendants' Summary Plan Descriptions, Plaintiff and Class members may have acted differently with respect to accepting promotions and transfers to new service lines within Andersen Consulting.

70.   As a result of Defendants' violation of Section 102, Plaintiff and the Class have lost a substantial sum in pension benefits.

71.   Pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3), Plaintiff and the Class are entitled to appropriate equitable relief to redress the Defendant's violation of Section 102 in the form of an order declaring the Purported Amendment ineffective and the incidental monetary relief mechanically flowing from that injunctive relief in a common fund equal to the difference between their pension benefits as calculated under

the unlawful Purported Amendment and as re-calculated under the terms of the Plan in effect prior to July 1, 1996.

## COUNT IV

### (Alternatively, Claim for Benefits Due Pursuant to ERISA § 502(a)(1)(B))

72.   Plaintiff incorporates by reference the allegations of paragraphs 1-71 above in this Count.

73.   Alternatively, pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), Plaintiff and the Class seek damages in a common fund equal to the difference between their pension benefits as calculated under the unlawful purported amendment and as re-calculated under the terms of the Plan in effect prior to July 1, 1996.

## COUNT V

### (Violation of ERISA § 104—Failure to Provide Summary Plan Descriptions)

74.   Plaintiff incorporates by reference the allegations of paragraphs 1-43 above in this Count.

75.   Section 502(c)(1)(B) of ERISA provides that "[a]ny administrator … who fails or refuses to comply with a request for any information which such administrator is required to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in an amount up to $110 a day from the date of such failure or refusal,…"

76.    Section 104 of ERISA requires that plan administrators of employee benefit plans furnish to each participant and to each beneficiary receiving benefits under the plan a statement of ERISA rights of participants and beneficiaries.  ERISA § 104, 29 U.S.C. § 1024.

77.    ERISA and its related promulgated regulations require that summary plan description must contain a statement of ERISA rights advising participants of their rights to receive information about their plans and benefits, their plan administrators' fiduciary obligations to them, their right to be free of retaliation, and the claims procedure to enforce their rights.

78.    On July 21, 2003, Plaintiff made a written request to Defendants requesting help determining his pension eligibility and benefit implicit in which was a request for plan documents.

79.    In response, on or before July 29, 2003, Defendants provided Plaintiff with a copy of "the Retirement Plan," but failed to provide Plaintiff with a summary plan description or any other document which set forth his ERISA rights and administrative claims procedures in compliance with Section 104 of ERISA.

80.    On July 27, 2007, Plaintiff, through counsel, made an express written request for the plan documents in effect during Plaintiff's service specifically including those plan documents which contained "the provisions regarding appeal."

81.    On November 29, 2007, Plaintiff, through counsel, made another written request for the plan documents in effect during Plaintiff's service specifically including "[a]ny and all summary plan descriptions from January 1, 1995 through December 31, 2003."

82.   On January 25, 2008, Defendants provided copies of the 1995, 1996, 1997, 1999, 2001, and 2003 "summary plan descriptions."

83.   The 1995 Summary Plan Description provided to Plaintiff and Class members by Defendants fails to comply with ERISA because it failed to set forth a participant's ERISA rights, the administrative claims/appeal procedures, and other required information.

84.   The 1997 Summary Plan Description provided to Plaintiff and Class members by Defendants fails to comply with ERISA because it failed to set forth a participant's ERISA rights, the administrative claims/appeal procedures, and other required information.

85.   The 1999 Summary Plan Description provided to Plaintiff and Class members by Defendants fails to comply with ERISA because it failed to set forth a participant's ERISA rights, the administrative claims/appeal procedures, and other required information.

86.   The 2001 Summary Plan Description provided to Plaintiff and Class members by Defendants fails to comply with ERISA because it failed to set forth a participant's ERISA rights, the administrative claims/appeal procedures, and other required information.

87.   The 2003 Summary Plan Description provided to Plaintiff and Class members by Defendants fails to comply with ERISA because it failed to set forth a participant's ERISA rights, the administrative claims/appeal procedures, and other required information.

88.   Upon information and belief, the 2005 Summary Plan Description provided to Class members by Defendants fails to comply with ERISA because it failed to set forth a participant's ERISA rights, the administrative claims/appeal procedures, and other required information.

89.   The 2007 Summary Plan Description provided to Plaintiff and Class members by Defendants fails to comply with ERISA because it failed to set forth a participant's ERISA rights, the administrative claims/appeal procedures, and other required information.

90.   Pursuant to ERISA § 502(c)(1), 29 U.S.C. §1132(c)(1), Plaintiff and the Class seek statutory damages in a common fund equal to the $110 per person per day for Plaintiff and Class member for each day Defendants failed, upon written request, to provide them with a Summary Plan Description which complied with ERISA.

WHEREFORE, Plaintiff and the Class pray for the following relief:

1.    Certification of this action as a class action with the Class defined as set out above;

2.    A declaration that Defendants Accenture LLP, Accenture Inc., Accenture LLC, and Accenture Ltd. violated ERISA § 204(h);

3.    A declaration that the Defendant Plan's amendment purportedly effective on July 1, 1996, is ineffective, invalid and void *ab initio*;

4.    A declaration that the Summary Plan Descriptions provided by Defendants since the purported amendment purportedly effective on July 1, 1996, violated ERISA § 102;

5.      A declaration that the method Defendants Accenture LLP, Accenture Inc., Accenture LLC, and Accenture Ltd. used for computing Plaintiff's and the Class's pension benefits based upon the purported amendment purportedly effective on July 1, 1996, was and is unlawful;

6.      A declaration that the "summary plan descriptions" provided by Defendants Accenture LLP, Accenture Inc., Accenture LLC, and Accenture Ltd. in response to Plaintiff's and the Class's written requests violated ERISA § 104;

7.      A declaration that Defendants Accenture LLP, Accenture Inc., Accenture LLC, and Accenture Ltd. violated ERISA § 502(c)(1)(B);

8.      Judgment for Plaintiff and the Class against Defendants on all claims asserted herein;

9.      A permanent injunction preventing Defendants Accenture LLP, Accenture Inc., Accenture LLC, and Accenture Ltd. from calculating pension benefits in violation of ERISA and ordering a recalculation of the pension benefits in accordance with the terms of the Plan prior to July 1, 1996;

10.     Creation of a common fund equal to the amount of pension benefits due Plaintiffs and the Class in accordance with the terms of the Plan prior to July 1, 1996;

11.     Creation of a common fund equal to an amount up to $110 (the statutory damages amount) per person per day for Plaintiff and Class members for each day Defendants Accenture LLP, Accenture Inc., Accenture LLC, and

Accenture Ltd. failed, upon written request, to provide them with a Summary Plan Description which complied with ERISA;

12.    Pre- and post-judgment interest;

13.    Attorneys' fees and costs of this action pursuant to the common fund/benefit doctrine or any other applicable law;

14.    Attorneys' fees and costs expended by Plaintiff exhausting his administrative remedies beginning in 2003; and

15.    Any other and further relief as the Court deems appropriate under the circumstances.

Dated:  September 2, 2008                Respectfully submitted,

**Schlichter, Bogard & Denton**

/s/ Matthew H. Armstrong
Matthew H. Armstrong
Jerome J. Schlichter
Roger C. Denton
Troy A. Doles
100 S. Fourth Street, Suite 900
St. Louis MO 63102
Tel:    314-621-6115
Fax:    314-621-7151
marmstrong@uselaws.com
jschlichter@uselaws.com
rdenton@uselaws.com
tdoles@uselaws.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Mark A. Casciari
mcasciari@seyfarth.com

Ian H. Morrison
imorrison@seyfarth.com

Barbara H. Borowski
bborowski@seyfarth.com

James R. Beyer
james.r.beyer.@accenture.com

Keri B. Halperin
keri.b.halperin@accenture.com


By:  <u>/s/ Matthew H. Armstrong</u>
     Matthew H. Armstrong