IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR HAKIM, on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ACCENTURE UNITED STATES PENSION PLAN AND ACCENTURE LLP, <br><br> Defendants. | Case No. 1:08-cv-03682 <br><br> Hon. Robert M. Dow Jr. |

## JOINT INITIAL STATUS REPORT OF PARTIES PLANNING MEETING

Pursuant to Federal Rule of Civil Procedure 26(f), L.R.26.1, and the Court's Standing Order Requiring Initial Status Report, an initial meeting of the parties was held on August 7, 2008 (and thereafter), with attorneys Matthew Armstrong on behalf of Plaintiff, Omar Hakim, and attorneys Mark Casciari and Scott Carlson on behalf of Defendants, Accenture United States Pension Plan and Accenture LLP, participating by telephone conference.

1. **Attorneys of Record.** The attorneys of record are as follows:

    (a) Matthew H. Armstrong and Troy A. Doles from the Schlichter, Bogard & Denton law firm for Plaintiff, Omar Hakim. Mr. Armstrong and Mr. Doles expect to try the case.

    (b) Mark Casciari, Ian H. Morrison, Barbara H. Borowski from the Seyfarth Shaw law firm and James R. Beyer and Keri B. Halperin from Accenture for Defendants, Accenture United States Pension Plan and Accenture LLP. Mr. Casciari and Mr. Morrison expect the case to be resolved well before

a trial (and in particular on a motion to dismiss), but expect to try the case if a trial is scheduled.

2. **Basis for Federal Jurisdiction.** This is a civil enforcement action brought pursuant to ERISA § 502(a) and (c), 29 U.S.C. § 1132(a) and (c). This Court has original federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. **Nature of the Claims Asserted.** Plaintiff brings this ERISA action individually and on behalf of all others similarly situated and in Counts I and II seeks a declaration that the Plan amendment purportedly effective on July 1, 1996, is ineffective and void because of defective and insufficient notice required by ERISA. In Count III, Plaintiff seeks a declaration that the Summary Plan Descriptions distributed to Plaintiff and other participants fail to comply with the requirements of ERISA. As an alternative count, in Count IV, Plaintiff seeks a judgment against Defendants for pension benefits Defendants have denied him. And in Count V, Plaintiff seeks statutory damages against Defendants for failing to provide summary plan descriptions which comply with ERISA.

Defendants deny Plaintiff's allegations and moved to dismiss the complaint with prejudice. All five counts purport to arise under ERISA and all five counts center around an alleged omission -- the failure to provide proper statutory notice of a 1996 Plan Amendment -- that occurred over a decade ago. The 1996 Plan Amendment had the effect of ceasing plaintiff's pension benefit accrual when he subsequently changed jobs, and plaintiff asserts that the alleged lack of notice renders the 1996 Plan Amendment invalid. Defendants contend that Counts I, II, III and IV are barred by a release of "any and all" claims signed by plaintiff on May 15, 2003. Defendants contend that Counts I, II, III and IV are barred by the applicable statute of

limitations. Defendants contend that Count III does not state an ERISA claim upon which relief may be granted, as a matter of law. Defendants contend that Count V does not state an ERISA claim upon which relief may be granted, as a matter of law (and also is barred because there is no ERISA remedy and by the applicable statute of limitations).

On September 2, 2008, Plaintiff filed a First Amended Complaint adding three parties in interest (as defined by ERISA § 3(14), 29 U.S.C. § 1002(14)) as party-Defendants, and identified in Defendants' Rule 7.1 Corporate Disclosure Statement (Doc. 13): Accenture Inc., Accenture LLC, and Accenture Ltd.

Defendants' motion to dismiss the Complaint (Doc. 21) was mooted by Plaintiff's First Amended Complaint. Defendants intend to re-file a motion to dismiss all counts with prejudice. If a motion is filed, Plaintiff requests 30 days to file his response. Defendants would request 14 days to reply.

There are no counterclaims as of yet.

4. **Service of Process.** Plaintiff is in the process of serving Accenture Inc., Accenture LLC, and Accenture Ltd. All other parties have been served.

5. **Principal Legal Issues.** The principal legal issues are as set forth in paragraph 2 above.

6. **Principal Factual Issues.** The principal factual issue, if the complaint states a claim upon which relief may be granted and the pending motion to dismiss is denied, is whether Defendants distributed sufficient notice, if any, to Plaintiff and the participants with respect to the July 1, 1996 amendment.

7. **Jury Demand.** There is no jury demand.

8. **Pre-Discovery Disclosures.** The parties have exchanged the information required by FED. R. CIV. P. 26(a)(1).

9. **Discovery.** Defendants have filed a motion to stay discovery pending a decision by the Court on their FED. R. CIV. P. 12(b) motion to dismiss Plaintiff's Complaint. Plaintiff has opposed the motion to stay discovery.

    (a)  **Subjects.** Plaintiff contends that discovery will be needed on the following subjects:

        (i)  Whether Defendants provided notice of the plan amendment on or before June 15, 1996;

        (ii)  The identities of all participants who requested in writing a summary plan description since July 1, 1996; and

        (iii)  The participant data necessary for Plaintiff's expert to re-calculate the participants' pension benefits.

Defendants contend that discovery may be needed on these subjects only if the pending motion to dismiss is denied and in accordance with the Court's ruling on that motion.

    (b)  **Scope of Discovery.** The Parties are involved in ongoing discussion to reach an agreement on the appropriate scope of material to be preserved and produced in electronic and paper form.

    (c)  **Depositions.** Plaintiffs disclosed 32 potential witnesses, 3 of whom sent an email and attachment which Defendants have relied upon as the notice at issue and 22 who received it. Plaintiffs believe that each potential witness will need to be deposed, and there will likely be follow-up

depositions of persons identified by first-round witnesses. Depositions shall be taken in accordance with FED. R. CIV. P. 30.

 (d) **Waiver of Discovery Limits.** Due to the number of witnesses and the complex nature of the case, plaintiff requests that the Court exempt them from compliance with FED R. CIV. P. 30(a)(2)(A) (the 10 deposition limit). Defendants do not agree to such an exemption.

10. **Class Certification**.

Defendants contend that there should be no discovery and no class certification motion practice until and unless the Court denies the anticipated motion to dismiss. If the Court denies the motion to dismiss, the parties agree that Plaintiff should file his class certification motion no more than 15 days thereafter, Defendants should respond 60 days thereafter, and Plaintiff should reply no more 21 days thereafter.

11. **Expert Witnesses**.

Defendants contend that there should be no discovery and no expert discovery until and unless the Court denies the anticipated motion to dismiss. Plaintiff contends that fact and expert discovery should proceed, including rebuttal experts. If the court denies the motion to dismiss, Defendants believe that there should be no Plaintiff rebuttal experts allowed. The parties agree that the expert disclosures and the deposition schedule should be keyed to a ruling on a motion for class certification, with the disclosure of the Plaintiff's experts within 120 days thereafter, and (in Defendants' view) the disclosure of Defendants' experts no more than 120 days thereafter. Plaintiff requests rebuttal experts no more than 45 days thereafter (and Defendants oppose any rebuttal experts.)

12. **Discovery Cut-off.** The parties agree that all discovery shall be completed within 12 months after a ruling on a Plaintiff motion for class certification.

13. **Dispositive Motions.** The parties agree that all dispositive motions shall be filed no more than 60 days after the close of discovery.

14. **Trial.** The parties agree that the case should be ready for trial (if necessary) within 90 days after the Court's summary judgment ruling, and may take up to two weeks.

15. **Consent to Magistrate.** The parties have not agreed to consent to proceed before a Magistrate Judge.

16. **Settlement Discussions.** The parties agree that settlement is unlikely at this time and cannot be properly evaluated without further discovery.

17. **Initial Status Conference.** The initial status conference is set for September 4, 2008, at 9:00 a.m. (Doc. 16).

DATED:  September 2, 2008 Respectfully submitted,

/s/ Matthew H. Armstrong
Matthew H. Armstrong
Troy A. Doles
**SCHLICHTER BOGARD & DENTON LLP**
100 S. Fourth Street, Suite 900
St. Louis MO 63102
314-621-6115 (office)
314-621-7151 (fax)
marmstrong@uselaws.com
tdoles@uselaws.com
**Attorneys for Plaintiffs**

/s/ Mark Casciari
Mark Casciari
Ian H. Morrison
Barbara H. Borowski
**SEYFARTH SHAW LLP**
131 S. Dearborn Street, Suite 2400
Chicago IL 60603
312-460-5000 (office)
312-460-7000 (fax)
mcasciari@seyfarth.com
imorrison@seyfarth.com
bborowski@seyfarth.com

James R. Beyer
Keri B. Halperin
**ACCENTURE LLP**
161 N. Clark Street, 23rd floor
Chicago IL 60601
312-693-1513 (office)
james.r.beyer@accenture.com
keri.b.halperin@accenture.com

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Mark Casciari
mcasciari@seyfarth.com

Ian H. Morrison
imorrison@seyfarth.com

Barbara H. Borowski
bborowski@seyfarth.com

James R. Beyer
james.r.beyer@accenture.com

Keri B. Halperin
keri.b.halperin@accenture.com

Attorneys for Defendants

Matthew H. Armstrong
marmstrong@uselaws.com

Troy A. Doles
tdoles@uselaws.com

Attorneys for Plaintiffs

By: /s/ Barbara H. Borowski