IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OMAR HAKIM, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 08-CV-3682 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| ACCENTURE UNITED STATES ) | |
| PENSION PLAN and ACCENTURE LLP, ) | |
| ) | |
| Defendants. ) | |

### REPLY TO OPPOSITION TO
### MOTION TO STAY DISCOVERY

Defendants, ACCENTURE UNITED STATES PENSION PLAN and ACCENTURE LLP, by their attorneys, Seyfarth & Shaw LLP, respectfully submit this reply to plaintiff's opposition to defendants' motion to stay discovery. In reply defendants state:

1. Defendants agree that the filing of a motion to dismiss by itself does not "mandate" a stay of discovery pending resolution of the motion. However, the right to discovery does not automatically continue in light of a pending dispositive motion. *Borom v. Town of Merrillville*, 2008 U.S. Dist. LEXIS 37947, at *15 (N.D. Ind. May 8, 2008) (*citing In re Sulfuric Acid*, 231 F.R.D. 331, 336 (N.D. Ill. 2005).

2. "[S]tays are granted with substantial frequency. Indeed, some districts have a rule that prohibits discovery during the pendency of such a motion, and in some circuits, district courts have been advised to resolve a motion to dismiss before allowing discovery." *In re Sulfuric Acid*, 231 F.R.D. at 336 (cataloguing cases in which stays have been granted in the face of a Rule 12(b)(6) challenge).

3. The cases plaintiff cites actually support defendants' motion to stay discovery pending the Court's decision on the motion to dismiss.

4. In *In re Sulfuric Acid*, the court stated "[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending. *Id.* at 336 (*quoting Institut Pasteur v. Chiron*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004); *see also, Cohn v. Taco Bell Corp.*, 147 F.R.D. 154, 161-62 (N.D. Ill. 1993) (denying the motion to stay discovery because the motion to dismiss would not be dispositive of the entire case and would essentially delay or prolong discovery). Here, defendants' motion to dismiss,[1] if granted, would be thoroughly dispositive of the claims because it challenges the entire complaint on numerous grounds, including (i) plaintiff's release of "any and all claims," (ii) the staleness of claims given the applicable statute of limitations, and (iii) the failure, as a matter of law, to state any claim upon which relief may be granted.

5. In *In re Sulfuric Acid*, the court also found "[s]tays are often deemed appropriate where the motion to dismiss can resolve the case – at least as to the moving party, *or where the issue is a threshold one, such as jurisdiction, standing, or qualified immunity*." *Id.* at 337 (emphasis added). Here, defendants are challenging plaintiff's complaint on threshold issues. Namely, the Court lacks jurisdiction over plaintiff's claims as they are barred by the applicable statute of limitations and by plaintiff's fully executed release of "any and all claims."

6. "A court may also stay discovery while addressing a motion to dismiss for failure to state a claim." *Orlando Residence, Ltd v. GP Credit Co.*, 2006 U.S. Dist. LEXIS 76266, *23 (E.D. Wis. Sept. 29, 2006). Here, defendants' motion to dismiss challenges Counts III and V because they fail to state a claim as a matter of law.

---

[1] On September 2, 2008, plaintiffs filed an amended complaint. Defendants intend to move to dismiss the amended complaint, raising the arguments that formed the basis of their motion to dismiss the complaint. Referenced herein to the motion to dismiss are to the complaint and amended complaint.

7.      Plaintiff cites *Builders Assoc. of Greater Chicago v. City of Chicago*, for the proposition that the authority to grant a stay of discovery "must be exercised to secure the just, speedy and inexpensive determination of every action." 170 F.R.D. 435, 437 (N.D. Ill. 1996) (internal citation and quotation omitted). Plaintiff also cites *Fields v. Johnson* conceding that a motion to stay discovery can be justified in terms of "supporting judicial economy or avoiding irreparable harm if the relief is not granted." 1989 U.S. Dist. LEXIS 12258, at * 3 (N.D. Ill. Oct. 13, 1989).

8.      Contrary to plaintiff's assertion, continuing discovery despite the pending motion to dismiss would be burdensome. There is no way to avoid the substantial and perhaps unnecessary burden on defendants if discovery is allowed to proceed during the pendency of the motion to dismiss given the staleness of plaintiff's claims and given that plaintiff seeks class discovery. Whereas plaintiff would suffer little if any prejudice because defendants have taken steps to preserve documents and data, as discussed with the plaintiff's counsel in the parties' Rule 26 conferences.

9.      Until the motion to dismiss is decided, there surely will be discovery disputes over what discovery (if any) is permitted. Such disputes would waste both judicial and party resources given that some or all of the disputes could have been avoided upon a resolution of the motion to dismiss.

10.     Plaintiff's initial requests - totaling 63 requests - are just the tip of the iceberg. The parties initial disclosures combined have already identified 37 individuals with discoverable information. Plaintiff intends to depose 32 of those individuals, an extraordinary number of individuals. Docket # 30. The Court should stay discovery pending its resolution of the motion to dismiss.

| Date: September 2, 2008 | Respectfully submitted, |
| --- | --- |
| | ACCENTURE UNITED STATES PENSION PLAN and ACCENTURE LLP |
| | By:    s/ Mark Casciari<br>One of its attorneys |

Mark Casciari
mcasciari@seyfarth.com
Ian H. Morrison
imorrison@seyfarth.com
Barbara H. Borowski
bborowski@seyfarth.com
Seyfarth Shaw, LLP
131 S. Dearborn, Suite 2400
Chicago, IL 60603
Phone: 312/460-5000
Facsimile: 312/460-7000

## CERTIFICATE OF SERVICE

I, Barbara H. Borowski, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **REPLY TO OPPOSITION TO MOTION TO STAY DISCOVERY** to be served upon the following counsel through the Court's electronic notification system, on this 2nd day of September, 2008:

> **Matthew H. Armstrong**
> **Jerome J. Schlichter**
> **Roger C. Denton**
> Schlichter Bogard & Denton LLP
> 100 South Fourth Street
> Suite 900
> St. Louis, MO 63102
> 314-621-6115
> marmstrong@uselaws.com

                                                 s/ Barbara H. Borowski