IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR HAKIM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:08-cv-03682 |
| v. | ) |
| | ) Hon. Robert M. Dow Jr. |
| ACCENTURE UNITED STATES PENSION PLAN, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

**INTRODUCTION**

On December 23, 2011, Defendant Accenture United States Pension Plan (the "Plan") filed a Motion for Attorney's Fees pursuant to 29 U.S.C. § 1132(g)(1) in this ERISA case, seeking a grand total of $1,214,253.00 in attorney's fees and $11,055.13 in costs from Plaintiff Omar Hakim ("Hakim"), an individual Plan participant (Doc. 202). The Plan's hubris in asking the court to award attorney's fees and costs against an ERISA plan participant who spent several thousand out-of-pocket dollars in attorney's fees and expenses to exhaust his administrative remedies before filing suit (*see* Declarations of Omar Hakim, Docs. 85-2, 99-2, 123-3) and who survived the Plan's Motion for Summary Judgment (*see* Mem. Op. and Order, Doc. 118) before conducting extensive fact discovery is matched only by the lack of any merit to its arguments. As shown below, the Plan is not entitled to any attorney's fees or costs under 29 U.S.C. § 1132(g)(1), and the Motion for Attorney's Fees should be denied in its entirety.

**ARGUMENT**

In an ERISA action, 29 U.S.C. § 1132(g)(1) authorizes a district "court in its discretion [to] allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Supreme Court recently interpreted the meaning of section 1132(g)(1) in *Hardt v. Reliance Standard Life Ins. Co.*, __ U.S. __, 130 S.Ct. 2149 (2010), holding that "a fee claimant need not be a 'prevailing party' to be eligible for an attorney's fees [and costs] award under § 1132(g)(1)." *Id.* at 2156. Rather, "a fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees [and costs] under § 1132(g)(1)." *Id.* at 2158 (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). Only once a party has *shown* "some success on the merits" does that party become *eligible* for attorney fees and costs under § 1132(g)(1). *Hardt,* 130 S.Ct. at 2159 (emphasis added); *Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., Inc.*, 657 F.3d 496, 505 (7th Cir. 2011). Even if the court determines that the party has shown "some degree of success on the merits," the court must then determine whether fees and costs are appropriate. *Kolbe,* 657 F.3d at 505 (citing *Pakovich v. Verizon Ltd. Plan,* 653 F.3d 488, 494 (7th Cir. 2011); *Huss v. IBM Med. & Dental Plan*, 418 F. App'x 498, 511-12 (7th Cir. 2011)).

Here, the Plan is not eligible for fees and costs because it failed its initial burden to show "some degree of success on the merits" required to recover fees and costs; the Plan's victory was purely procedural and not on the merits. Furthermore, under the Supreme Court's holding in *Hardt* and subsequent Seventh Circuit guidance, attorney's fees would not be appropriate even if the Plan were eligible for fees and costs because Hakim's position was substantially justified and brought in good faith.

I. **The Plan is Not Entitled to Costs Under 29 U.S.C. § 1132(g)(1) Because It Failed to Show Some Degree of Success on the Merits; Its Victory was Purely Procedural.**

As noted above, a fees claimant must show "some degree of success on the merits" before a court may award attorney's fees and costs under § 1132(g)(1). *Hardt*, 130 S.Ct. at 2158. This requirement is not satisfied by achieving only "trivial success on the merits" or a "purely procedural victory." *Id.* In *Hardt*, the plaintiff obtained a judicial order instructing the defendant to act on her disability benefits application by considering all of the evidence; otherwise, judgment would be issued in favor of the plaintiff. *Id.* at 2159. Once the defendant conducted the review, it reversed its original decision and awarded Hardt the benefits she sought. *Id.* The Supreme Court found this to be "far more than" a trivial success on the merits or a purely procedural victory; in fact, the plaintiff got essentially the relief she sought when she filed the lawsuit against the defendant. *Id.*

Courts within the Seventh Circuit have found "some degree of success on the merits" in a case where the plaintiff secured a reversal of a denial of benefits on remand for further proceedings and the imposition of a statutory penalty; in cases where the plaintiff was awarded benefits that they sought; and most relevant, in cases where the court awarded complete summary judgment in favor of the party seeking attorney's fees. *See Huss*, 418 F. App'x. at 512 (plaintiff "secured a reversal of the administrative denial of benefits, a remand for further proceedings involving a different controlling document, and the imposition of a statutory penalty against the Defendants."); *Kough v. Teamsters' Local 301 Pension Plan*, 437 F. App'x 483 (7th Cir. 2011) (defendant awarded plaintiff some disability benefits after remand); *Kieszkowksi v. PersonalCARE Ins. of Illinois, Inc.*, No. 09C01936, 2011 WL 3584324, at *7, 9 (N.D. Ill. Aug. 12, 2011) (complete summary judgment on the merits); *see also Anderson v. Hartford Life and Accident Ins.*, 772 F. Supp. 2d 1025, 1026 (S.D. Ind.) (complete summary judgment on the

3

merits); *Kolbe*, 657 F.3d at 501 (dismissal of all ERISA claims); *DeBartolo v. Health & Welfare Dept.*, No. 09CV0039, 2011 WL 1131110, at *1 (N.D. Ill. Mar. 28, 2011) (summary judgment on all claims).

Here, however, the Plan prevailed only when this Court took up its motion to reconsider whether a boilerplate release and waiver of claim executed by Hakim as a part of a reduction in force was sufficient to bar his § 204(h) notice claim after an intervening Seventh Circuit decision, *Howell v. Motorola, Inc.*, 633 F.3d 552 (7th Cir. 2011). This Court previously denied the Plan's motion for summary judgment on the same exact issue when it followed nearly three decades of Seventh Circuit law and held that the release executed by Hakim did not bar his claim by virtue of the anti-alienation provision of ERISA. *See* Doc. 118 at 13-24. Thus, the Plan's ultimate victory is founded solely on a procedural turn and a perceived change in the law—a question which is being appealed to the Seventh Circuit for review—and not on any degree of success on the merits of Hakim's § 204(h) claim, trivial or otherwise. Because the Plan's victory in this case was purely procedural, it fails to show "some success on the merits" and is consequently ineligible for attorney's fees under 29 U.S.C. § 1132(g)(1).

**II.     Attorney's Fees are Inappropriate Because Hakim's Position was Substantially Justified and Brought in Good Faith.**

Even if the Court determines that the Plan is eligible for attorney's fees, it must then still determine whether attorney's fees are appropriate before awarding them. *Kolbe*, 657 F.3d at 505. The Supreme Court expressly preserved the standard five-factor test used in this circuit to determine whether such awards should be made, addressed to the court's discretion. *Hardt*, 130 S.Ct. at 2158, n.8 ("We do not foreclose the possibility that once a claimant has satisfied this requirement, and thus becomes eligible for a fees award under § 1132(g)(1), a court may consider the five factors adopted by the Court of Appeals, *see* n. 1, supra, in deciding whether to

4

award attorney's fees"). Post-*Hardt*, the Seventh Circuit continues to recognize the five-factor test, as well as the "substantial justification" test. *See Kolbe*, 657 F.3d at 505-06 (stating that "[t]his circuit has recognized two tests for analyzing whether attorney fees should be awarded to a party in an ERISA case" and discussing the five-factor and substantial justification tests); *Huss*, 418 F. App'x at 512 ("For an award of attorney's fees under § 1132(g)(1) to be appropriate, the court must find the non-prevailing party's litigation position was not substantially justified. . . A five-factor test may inform the court's analysis . . ."); *Pakovich*, 653 F.3d at 494 (stating that "*Hardt* did not . . . modify the second step in evaluating a fee petition" and focusing the inquiry on substantial justification and good faith).[1] The standard "five factors" test examines:

> (1) the degree of the offending parties' culpability or bad faith; (2) the degree of the ability of the offending parties to satisfy personally an award of attorney's fees; (3) whether or not an award of attorney's fees against the offending parties would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' positions.

*Kolbe*, 657 F.3d at 505-06. This test may "inform the court's analysis . . . but are used to structure or implement, rather than to contradict, the substantially justified standard . . . as the bottom-line question to be answered." *Huss*, 418 F. App'x at 512 (internal citations and quotations omitted). The "substantial justification" test looks at whether or not the losing party's position was "substantially justified and taken in good faith or whether [it was] out to harass [its opponent]," *Pakovich v. Verizon Ltd. Plan*, 653 F.3d at 494 (7th Cir. 2011) (quoting *Huss*, 418 F. App'x at 512). Substantial justification has been defined by the Supreme Court as "justified to a degree that could satisfy a reasonable person," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988),

---

[1] At least two other circuits also continue to apply similar five-factor tests post-*Hardt* to determine whether attorney's fees are appropriate under § 1132(g)(1). *See Williams v. Metro. Life Ins. Co.*, 609 F.3d 622, 635 (4th Cir. 2010); *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121 (9th Cir. 2010).

5

and further defined in the Seventh Circuit as "something more than non-frivolous, but something less than meritorious." *Senese v. Chicago Area Int'l Brd. of Teamsters Pension Fund*, 237 F.3d 819, 826 (7th Cir. 2001).[2]

Because ERISA is a remedial statute that protects the interests of plan participants, this standard appropriately requires the court to weigh the impact of awarding fees and costs to the Plan in the context of providing participants with a forum to adjudicate ERISA benefits. *Stark v. PPM Am., Inc.*, 354 F.3d 666, 673 (7th Cir. 2004) ("ERISA's remedial purpose is to protect, rather than penalize participants who seek to enforce their statutory rights"); *Kross v. Western Elec. Co., Inc.*, 701 F.2d 1238, 1242 (7th Cir. 1983) ("ERISA is a remedial statute to be liberally construed in favor of employee fund participants"). To saddle a plan participant who brings a good-faith action with crippling fees and costs would thwart ERISA's purpose. *Meredith v. Navistar Int'l Transp. Co.*, 935 F.2d 124, 128 (7th Cir. 1991) ("[a]dherence to this policy often counsels against charging fees against ERISA beneficiaries since private actions by beneficiaries seeking in good faith to secure their rights under employee benefit plans are important mechanisms for furthering ERISA's remedial purpose," quoting *Nachwalter v. Christie*, 805 F.2d 956, 962 (11th Cir. 1986)). As such, courts are cautioned to award fees and costs only in the narrowest of circumstances. *Id.*

Under this analysis, Hakim's position was substantially justified and brought in good faith. In this case, Hakim survived the Plan's multiple motions to dismiss (*see* Docs. 57, 70),

---

[2] The Plan argues that the Seventh Circuit has identified a "modest, but rebuttable, presumption in favor of awarding fees to prevailing parties in ERISA cases," citing *Huss*, 418 F. App'x at 511. As several cases further discuss, however, this is only "unless the loser's position, while rejected by the court, had a solid basis—more than merely frivolous, but less than meritorious." *Meredith v. Navistar Int'l Transp. Co.*, 935 F.2d 124, 128 (7th Cir. 1991); *Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820, 830 (7th Cir. 1984). In other words, this modest presumption only holds when there is no substantial justification for the losing party's litigation position.

won a number of discovery motions, defeated in part the Plan's multi-pronged motion for summary judgment (*see* Doc. 118), took the depositions of eleven of the Plan's witnesses specifically ordered by the Court (*see* Doc. 175), all during several years of very active litigation in the fast-moving landscape of ERISA litigation. While Hakim did not ultimately prevail on the motion to reconsider,[3] his loss was not a victory for the Plan on the merits because it was totally based upon a change in the law with respect to waivers and releases of claims in ERISA cases decided by the Seventh Circuit two and half years after Hakim filed this action.[4] The results Hakim achieved during the course of this litigation belie any argument that he sued in bad faith or merely to harass the Plan. Indeed, this Court noted in its decision on the contentious cross-motions for summary judgment that "[b]ased on the current record, the Court finds that there is a genuine issue of material fact as to whether Defendants' use of e-mail was reasonably calculated to ensure delivery." (Doc. 118, at 18.) A review of the factual record clearly indicates to the reasonable fact-finder that Hakim was justified in bringing his claim, that he was not out to harass the Plan, and that his case was most certainly not frivolous. (*See* Doc. 185 setting forth the facts developed in discovery.) Because Hakim's position was substantially justified and brought in good faith, awarding attorney's fees to the Plan would be inappropriate.

---

[3] The Plan cites *Holmstrom v. Metro. Life Ins. Co.*, No. 07-CV-6044, 2011 U.S. Dist. LEXIS 58766, at *16 (N.D.Ill. May 31, 2011) and *DeFrancesco v. Sullivan*, 803 F. Supp. 1332 (N.D.Ill. 1992) in an attempt to argue that Count IV, which survived summary judgment but failed on reconsideration, is not substantially justified. However, *Holmstrom* and *DeFrancesco* dealt with the proper *amount* to award when the losing party argued for a *reduction* in fees for unsuccessful arguments—not the threshold question of whether attorney's fees are appropriate.

[4] Plaintiff does not concede that the district court was correct in its Order granting Defendant's motion for summary judgment based upon the release and wavier execute by Plaintiff in this defined benefit context, and is currently appealing that issue to the Seventh Circuit.

### III. The Plan is Not Entitled to Costs Under the "Frivolous" Standard Supplied by the Plan's Own Terms and Operating Documents.

ERISA plans are creatures of contract law, the terms and conditions of which must be enforced between the parties. *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1137 (7th Cir. 1992). Thus, a claim for benefits made by a plan participant is governed by the documents governing the operation of the Plan. *See Id.*; *Swaback v. American Information Technologies Corp.*, 103 F.3d 535, 540-541 (7th Cir. 1996). In this case, Hakim received a copy of the Plan's 2007 Summary Plan Description and General Information Summary ("SPD/GIS") through the administrative claim process. The Plan's SPD/GIS contains an "ERISA Rights Statement" informing plan participants of their legal rights and obligations if they choose to enforce their rights in federal court after exhausting the administrative review process. With respect to who will pay court costs and legal fees, the SPD/GIS specifically provides:

> The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, *if it finds your claim is frivolous.*

(Ex. A at 5 (emphasis added)). Because ERISA benefits are contractual in nature, the Plan terms trump § 1132(g), so the Plan must satisfy the frivolous standard in order to obtain costs against Hakim. This is an extremely demanding standard that, as shown above, the Plan cannot meet.

A review of the factual record clearly indicates to the reasonable fact-finder that Hakim was justified in bringing his claim, that he was not out to harass the Plan, and that his case was most certainly not frivolous. (*See* § II, *supra* and Doc. 185 setting forth the facts developed in discovery.) Indeed, Hakim's case ended only because of a change in the law about the enforceability of boilerplate waivers and releases in ERISA cases generally—a change that

8

Hakim continues to contest does not apply to defined benefit cases such as his. Because Hakim's case was not frivolous, the Plan's Motion for Attorney's Fees must be denied.

## IV. Billing Hakim Over A Million Dollars in Attorney's Fees Would be Manifestly Unjust.

Requiring an individual defined benefit plan participant to pay over a million dollars in an ERISA case to a well-funded Plan (and indirectly to its very profitably Fortune 500 sponsor, Accenture) would be a real injustice. As discussed above, attorney's fees should be awarded only after a finding that Hakim's claims were not substantially justified, not brought in good faith, or brought for the purpose of harassment—a standard that the Plan cannot meet here. *Kolbe*, 657 F.3d at 506.

## CONCLUSION

Because the Plan failed to show "some success on the merits" as required by *Hardt* and because Hakim's position in this case was substantially justified and brought in good faith, and for the other foregoing reasons, the Motion for Attorney's Fees filed by the Plan should be denied in its entirety.

Dated: January 25, 2012                     Respectfully submitted,

                                            /s/ Matthew H. Armstrong
                                            Matthew H. Armstrong
                                            **Armstrong Law Firm LLC**
                                            8816 Manchester Road, No. 109
                                            St. Louis MO 63144
                                            (314) 258-0212
                                            matt@mattarmstronglaw.com

                                            and

                                            Douglas A. Terry
                                            Derrick T. DeWitt
                                            **Nelson, Roselius, Terry & Morton**
                                            3450 S. Boulevard, Suite 300
                                            Edmond OK 73013

Case: 1:08-cv-03682 Document #: 219 Filed: 01/25/12 Page 10 of 10 PageID #:3585

        (405) 705-3600
        terry@nrtlaw.com
        dewitt@nrtlaw.com

        **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Mark A. Casciari  
mcasciari@seyfarth.com

Ian H. Morrison  
imorrison@seyfarth.com

Barbara H. Borowski  
bborowski@seyfarth.com

James R. Beyer  
james.r.beyer.@accenture.com

Keri B. Halperin  
keri.b.halperin@accenture.com

        By: /s/ Matthew H. Armstrong