**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| OMAR HAKIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  08-cv-3682 |
| | ) | |
| ACCENTURE UNITED STATES | ) | Judge Robert M. Dow, Jr. |
| PENSION PLAN, ACCENTURE LLP, | ) | |
| ACCENTURE INC., ACCENTURE LLC, | ) | |
| and ACCENTURE LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant's bill of costs [202], Defendant's motion for leave to file

instanter reply brief in support of bill of costs [213], and Defendant's motion for attorneys' fees

[216].  For the reasons set forth below, the Court denies Defendant's motion for attorneys' fees

[216], but awards Defendant costs in the amount of $1,969.97.   The Court also grants

Defendant's motion for leave to file instanter reply brief in support of its bill of costs [213].

**I.       Background**

In its September 29, 2011 opinion, the Court granted Defendant's motion for

reconsideration of the Court's August 16, 2010 order in light of the Seventh Circuit's decision in

*Howell v. Motorola, Inc.*, 633 F.3d 552 (7th Cir. 2011).   The Court previously had granted

Defendant's motions to dismiss and for summary judgment as to all claims except for Count IV.

As to that count, the Court concluded that by virtue of the anti-alienation provision of ERISA,

the release that Plaintiff executed did not bar his claim for additional benefits based on alleged

violations of ERISA Section 204(h).  On January 21, 2011, the Seventh Circuit in *Howell* held

that a similar release was enforceable as to an ERISA claim for additional ERISA plan benefits.

Accordingly, Defendant asked the Court to reconsider its August 16 Order in light of the *Howell*

decision. The Court did and found that, in light of the Seventh Circuit's decision in *Howell*, the

anti-alienation provision did not apply and thus Plaintiff's claim was barred under the terms of

the release that he signed. The Court dismissed Count IV and entered final judgment in favor of

Defendant and against Plaintiff. After the entry of judgment in its favor, Defendant filed a Bill

of Costs, seeking an award in the amount of $11,055.13. Defendant also requests attorneys' fees

in the amount of $1,214,253.00. Plaintiff objects to both requests.

## II. Analysis

### A. Applicable Standard

Defendant seeks costs pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure

54(d)(1) and attorneys' fees pursuant to 29 U.S.C. § 1132(g). Plaintiff maintains that 29 U.S.C.

§ 1132(g)(1), not Rule 54(d), supplies the correct standard for analyzing the availability of both

costs and fees in the ERISA context. With respect to fees, § 1132(g) clearly governs. As the

Court sets forth below, in regard to costs, the answer is hazier.

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order

provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing

party." Fed. R. Civ. P. 54(d)(1). The Seventh Circuit has stated that "ERISA includes such an

express provision" (*Nichol v. Pullman Standard, Inc.*, 889 F.2d 115, 121 (7th Cir. 1989)), as §

1132(g)(1) of the ERISA statute explicitly provides that "[i]n any action under this subchapter *

* * by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable

attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Thus, the Seventh

Circuit's statement in *Nichol* suggests that courts apply § 1132(g)(1), rather than Rule 54(d), in

determining whether an ERISA party should be awarded costs. This distinction presumably is material because the Seventh Circuit has recognized only two situations in which the denial of costs under Rule 54(d) might be warranted (the first involves misconduct of the party seeking costs and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent) (*Mother & Father v. Cassidy,* 338 F.3d 704, 708 (7th Cir. 2003); *Rivera,* 469 F.3d at 634-35)), while district courts appear to enjoy broader discretion under § 1132(g)(1). See *Nichol*, 889 F.2d at 121 (stating that declining "to award attorneys' fees and costs to ERISA defendants, even prevailing defendants, would rarely constitute an abuse of discretion") (internal quotation marks omitted); see also *Jackman Fin. Corp. v. Humana Ins. Co.*, 641 F.3d 860, 866 (7th Cir. 2011) (recognizing that § 1132(g)(1) creates a presumption in favor of awarding costs and fees to the prevailing party, but characterizing that presumption as "modest" and "rebuttable"); *Hess v. Reg–Ellen Mach. Tool Corp.*, 367 F. App'x 687, 690 (7th Cir. 2010). In other words, Rule 54(d) and § 1132(g) differ on the degree to which an award of costs is presumptive. A court's discretion to deny costs under Rule 54(d) is subject to a "strong presumption that the prevailing party will recover costs." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). On the other hand, § 1132(g)(1) provides that a court "*may* allow a reasonable attorney's fee and costs of action to either party." 28 U.S.C. § 1132(g)(1) (emphasis added). While the Seventh Circuit has recognized that § 1132(g)(1) creates a presumption in favor of awarding costs and fees to the prevailing party, the court has characterized that presumption as "modest" and "rebuttable." *Hess v. Reg–Ellen Mach. Tool Corp.*, 367 F. App'x 687, 690 (7th Cir. 2010); see also *Jackman Fin. Corp. v. Humana Ins. Co.*, 641 F.3d 860, 866 (7th Cir. 2011). How the differences actually shake out in application remains to be seen, but on their face, the two standards appear to differ in degree.

In the face of these competing standards, a split exists among district judges as to whether, consistent with *Nichol*, costs in an ERISA action are governed by 29 U.S.C. § 1132(g)(1) or whether Rule 54(d)(1) supplies the relevant standard in the ERISA context as well. See  *Lingis v. Motorola, Inc.*, --- F. Supp. 2d --- , 2012 WL 1969332, at *2-3 (N.D. Ill. June 1, 2012) (concluding that ERISA § 1132(g)(1) governs the award of costs and sustaining plaintiffs' objections to award of cost); *George v. Kraft Foods Global, Inc.,* 2010 WL 1976826, at *1-2 (N.D. Ill. May 24, 2010) ("It is equally evident that Section 1132(g)(1) supplants Rule 54(d)(1) as the standard governing whether to award costs to a prevailing party in ERISA lawsuits."); *Brieger v. Tellabs, Inc.,* 652 F. Supp. 2d 925, 926 (N.D. Ill. 2009) (concluding that ERISA § 1132(g)(1) governs the award of costs and applying Rule 54 would be contrary to the plain language of both Section 1132(g)(1) and Rule 54(d)(1)); *Keach v. U.S. Trust Co*., 338 F. Supp. 2d 931, 934 (C.D. Ill. 2004) (adopting plaintiff's position that "awards of costs are governed by the discretionary language of 29 U.S.C. § 1132(g)(1), rather than the presumptive standard of Rule 54(d)"); but see *Rogers v. Baxter Int'l, Inc.,* 2011 WL 941188 (N.D. Ill. Mar. 16, 2011) (finding sufficient discretion in both Rule 54(d) and § 1132(g)).  Furthermore, the Seventh Circuit has stated recently that it "has never grappled directly with the subject, and it is not appropriate to read oblique remarks as answering a question not squarely posed."  *Loomis v. Exelon Corp.,* 658 F.3d 667, 674 (7th Cir. 2011).  In *Loomis*, the Seventh Circuit did not resolve the issue, but noted that only one Court of Appeals has accepted the argument that "§ 1132(g)(1) does not 'provide otherwise' than Rule 54(d) because [§ 1132(g)(1)] never forbids an award of costs." *Id.* at 674 (citing *Quan v. Computer Sciences Corp.,* 623 F.3d 870, 888–89 (9th Cir. 2010)).  The court was skeptical of the Ninth Circuit's conclusion, observing that even if a statute did not forbid an award to the prevailing party, the statute would "be otherwise" if it

"established a presumption against an award of costs," in contrast to Rule 54(d)'d presumption in favor of such an award, or if the statute established the opposite presumption, in favor of the winner paying the loser's costs. *Id.* Despite the court's skepticism, it did not resolve the issue, leaving district courts with *Nichol* as the decision that most directly addresses the issue. See *Nichol*, 889 F.2d at 121 (observing that § 1132(g) (1) is "such an express provision").

The Seventh Circuit and district courts have not applied the *Nichol* precedent consistently. In several cases, courts have applied Rule 54(d) to ERISA actions without discussing whether § 1132(g)(1) displaces Rule 54(d). See, *e.g.*, *White v. Sundstrand Corp.*, 256 F.3d 580, 585–86 (7th Cir. 2001); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir.1990). This Court too has applied Rule 54(d) without considering whether § 1132(g)(1) provides the appropriate standard. See *Holmstrom v. Metropolitan Life Ins. Co.*, 2011 WL 2149353, at *7-8 (N.D. Ill. May 31, 2011). In other cases, the Seventh Circuit has applied § 1132(g)(1) without analyzing its relationship to Rule 54(d). See, *e.g.*, *Bowerman v. Wal–Mart Stores, Inc.*, 226 F.3d 574, 592–93 (7th Cir. 2000); *Little v. Cox's Supermarkets*, 71 F.3d 638, 644 (7th Cir. 1995); *Anderson v. Flexel, Inc.*, 47 F.3d 243, 250–51 (7th Cir. 1995). The court of appeals also has appeared to apply § 1132(g)(1) in affirming a district court's denial of an attorneys' fee petition, but affirmed the district court's grant of costs under Rule 54(d). See *Quinn v. Blue Cross & Blue Shield Ass'n*, 161 F.3d 472, 478–79 (7th Cir. 1998); see also *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009) (*Hecker I*), reh'g denied, 569 F.3d 708 (7th Cir. 2009) (*Hecker* II) (affirming an award of costs without referencing Rule 54(d) or § 1132(g)(1)).[1]

---

[1] Defendant suggests that a finding that § 1132(g) supplants Rule 54(d) would be contrary to *Hecker* and *White*. However, it appears from these decisions (as well as the Court's own experience in *Holmstrom*) that the applicability of § 1132(g) was not raised by any of the parties in these cases. Rather, the

5

In crafting ERISA's remedial scheme, Congress chose to provide for a private right of action, empowering plan participants and beneficiaries to act as "private attorneys general" to vindicate the Act's regulatory objectives. See *Marquardt v. N. Am. Car Corp.*, 652 F.2d 715, 720 n. 6 (7th Cir. 1981). Applying Rule 54(d)'s stronger presumption in favor of awarding costs to prevailing defendants could upset the balance Congress struck between encouraging plaintiffs to bring actions that "seemed reasonable at the outset" and deterring frivolous lawsuits. *Id.* But even more importantly, the clearest guidance from the Seventh Circuit is found in *Nichol*. Giving appropriate deference to the Seventh Circuit's holding in *Nichol* and the dicta in *Loomis*, the Court concludes that § 1132(g)(1) "provides otherwise" than Rule 54(d). See *Cooper Indus., Inc.*, 543 U.S. at 170; see also *Heidelberg v. Ill. Prisoner Review Bd.*, 163 F.3d 1025, 1026 n. 1 (7th Cir. 1998) (noting that precedents of a higher court that have "direct application in a case" remain binding, even where subsequent rulings by the higher court could be read to be inconsistent with some of the reasoning in the case that has direct application); *Brieger v. Tellabs, Inc.*, 652 F. Supp. 2d 925, 926-27 (N.D. Ill. 2009). Consequently, § 1132(g)(1) governs the award of both costs and fees in this case.

## B.    Attorneys' Fees

Section 1132(g)(1) of Title 29 provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). In *Hardt v. Reliance Standard Life Insurance Co.*, the Supreme Court recently interpreted ERISA's fee

---

arguments were confined to the standard set forth in Rule 54(d). Thus, a finding that § 1132(g) controls an award of costs in ERISA cases does not imply anything about *Hecker* and *White*, because that issue was not before the Seventh Circuit in those cases, nor was it directly before this Court in *Holmstrom*. *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 170 (2004) ("'Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.'") (quoting *Webster v. Fall*, 266 U.S. 507, 511 (1925)). *Hecker* and *White* say nothing about § 1132(g) or *Nichol*; they merely address the issues actually raised by the parties.

6

shifting provision, holding that a court may award fees to an ERISA litigant if she has achieved "some degree of success on the merits." 130 S.Ct. 2149, 2157–58 (2010). This ruling supplanted this circuit's "prevailing party" standard for awarding fees in ERISA cases. *Id.;* see also *Young v. Verizon's Bell Atlantic Cash Balance Plan*, 2010 WL 4226445 at *4 (N.D. Ill. Oct. 20, 2010); *Huss v. IBM Medical and Dental Plan*, 418 Fed. Appx. 498, at *12 (7th Cir. April 13, 2011) (unreported) ("[T]he Supreme Court recently clarified that § 1132(g)(1) does not limit attorney's fees awards to a 'prevailing party'; rather, it affords district courts the discretion to award fees to 'either party.'").

There is no doubt that Defendant here achieved "some degree of success on the merits" as the Court granted Defendant's motion to dismiss on certain counts, granted Defendant's motion for summary judgment on the majority of the remaining counts, and then later granted Defendant's motion to reconsider on the remaining count. The Court then entered judgment in favor of Defendant and against Plaintiff. However, the inquiry does not end there. Once a party has achieved "some degree of success on the merits," a court must exercise its discretion to determine whether an award of attorney's fees should be granted. *Hardt*, 130 S.Ct. at 2158; see also *DeBartolo v. Health & Welfare Dept. of the Const. and General Laborers' Dist. Council of Chicago*, 2011 WL 1131110, at *1 (N.D. Ill. March 28, 2011); *Young*, 2010 WL 4226445, at *6. Prior to *Hardt*, the Seventh Circuit recognized two tests to guide a court's discretion regarding whether a fee award is appropriate under 29 U.S.C. § 1132(g)(1). See *Stark v. PPM America, Inc.*, 354 F.3d 666, 673 (7th Cir. 2004) (citing *Quinn v. Blue Cross & Blue Shield Ass'n*, 161 F.3d 472, 478 (7th Cir. 1998)). Both tests essentially ask the same question, "was the losing party's position substantially justified and taken in good faith, or was the party simply out to

harass the opponent?" *Stark*, 354 F.3d at 673 (quoting *Bowerman v. Mal–Mart Stores, Inc.*, 226 F.3d 574, 593 (7th Cir. 2000)).

Under the first test, "an award of fees to a successful defendant may be denied if the losing party's position was both 'substantially justified'-meaning something more than non-frivolous, but something less than meritorious-and taken in good faith, or if special circumstances make an award unjust." *Herman v. Central States, S.E. and S. W. Areas Pension Fund*, 423 F.3d 684, 696 (7th Cir. 2005); see also *Stark v. PPM America, Inc.*, 354 F.3d 666, 673 (7th Cir. 2004). Under the second test, courts look to the following five factors to determine whether a fee award is appropriate: 1) the degree of the offending parties' culpability or bad faith; 2) the degree of the ability of the offending parties to satisfy personally an award of attorney's fees; 3) whether or not an award of attorney's fees against the offending parties would deter other persons acting under similar circumstances; 4) the amount of benefit conferred on members of the pension plan as a whole; and 5) the relative merits of the parties' positions. *Quinn*, 161 F.3d at 478. The five-factor test is used to "structure or implement, rather than to contradict" the substantially justified test. *Lowe v. McGraw-Hill Companies, Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). The Seventh Circuit recently limited its inquiry to determining whether "plaintiffs' litigation position was substantially justified and taken in good faith or whether they were out to harass defendants." *Kolbe & Kolbe Health & Welfare Benefit Plan v. Medical College of Wisconsin, Inc.*, 657 F.3d 496, 506-07 (7th Cir. 2011); see also *Huss,* 418 F. App'x at 512 (citing *Herman v. Cent. States, Se. & Sw. Areas Pension Fund,* 423 F.3d 684, 696 (7th Cir. 2005)). Thus, the Court proceeds with the *Kolbe* court's inquiry, while keeping in mind the five-part test. *Jackman Financial Corp. v. Humana Ins. Co.*, 641 F.3d 860, 867 (7th Cir. 2011)

(observing that the "five-factor test is often used in conjunction with the 'substantially justified' test and largely involves the same inquiry.").[2]

"In determining whether the losing party's position was 'substantially justified,' the Supreme Court has stated that a party's position is 'justified to a degree that could satisfy a reasonable person.' " *Trustmark,* 207 F.3d at 884 (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). A position is not substantially justified if it is without a "solid basis." *Prod. & Maint. Employees' Local 504 v. Roadmaster Corp.,* 954 F.2d 1397, 1405 (7th Cir. 1992). In ruling on the summary judgment motion, the Court found Plaintiff's litigation position to be somewhat compelling and certainly not unreasonable. See also *Kolbe & Kolbe,* 657 F.3d at 506-7. The Plan prevailed on some counts early on, but ultimately prevailed *in toto* only when the Court granted its motion to reconsider regarding whether a boilerplate release and waiver of claim executed by Plaintiff as a part of a reduction in force was sufficient to bar his § 204(h) notice claim after an intervening Seventh Circuit decision prompted the Court to do so. The Court previously denied the Plan's motion for summary judgment on the same issue, applying nearly three decades of Seventh Circuit law. Thus, the Plan's ultimate victory was founded on a perceived change in the law—a question which is being appealed to the Seventh Circuit. See

---

[2]  Both the Seventh Circuit and the Supreme Court have questioned the five-factor test's continued vitality. See *Sullivan v. William A. Randolph, Inc.*, 504 F.3d 665, 672 (7th Cir. 2007) (noting that the five-factor test "adds little * * * to the simpler test, and perhaps has outlived its usefulness"); *Hardt*, 130 S.Ct. at 2158 (observing that because the five-factor tests used by a number of circuits "bear no obvious relation to § 1132(g)(1)'s text or to our feeshifting jurisprudence, they are not required for channeling a court's discretion when awarding fees under this section"). And following *Hardt*, courts in this district have questioned the ongoing utility of either test. See, *e.g., Raybourne v. Life Insurance Company of New York*,  2011 WL 528864, at *2, (N.D. Ill. Feb.8, 2011) ("It is difficult to image the continued futility [sic] of the substantial justification test in light of *Hardt'* s adoption of the 'some degree of success' standard."); *Young*, 2010 WL 4226445 at *10. Most recently, in *Huss v. IBM Medical and Dental Plan*, 2011 WL 1388543, at *12 (7th Cir. April 13, 2011), the Seventh Circuit concluded that even after *Hardt*, application of its "traditional" twin tests was still relevant to "inform the court's analysis" regarding whether an award of fees is appropriate. *Id.*

also *Lingis v. Motorola, Inc.*, --- F. Supp. 2d --- , 2012 WL 1969332, at *2-3 (N.D. Ill. June 1, 2012) (noting that the law governing one of the plaintiffs' principal claims was not settled at the time plaintiffs filed suit, and that the appeal in this action resolved an open question in the Seventh Circuit). The Court concludes that Plaintiff's litigation position was substantially justified and taken in good faith and not for the purpose of harassing Defendant.

Consideration of the remaining factors does not change the Court's view. The ability-to-pay factor weighs in favor of Plaintiff. The fees sought by Defendant would impose a crippling hardship on Plaintiff. Looking at whether an award might deter others acting under similar circumstances, the Court concludes that this factor favors neither party. A grant of attorneys' fees may have a chilling effect on beneficiaries seeking redress for legitimate claims, while a denial of attorneys' fees may encourage lawsuits by parties with no chance of success. Where, as here, the ultimate issue raised was debatable under the facts and law, deterrence is not as important a concern as it would be if Plaintiff's claim were plainly lacking merit. The fourth factor, benefit to other members of the pension plan, is largely irrelevant in an individual dispute such as the instant case. Finally, the fifth factor (relative merit) is, as the court in *Sullivan* noted, "an oblique way of asking whether the losing party was substantially justified in contesting his opponent's claim or defense." 504 F.3d at 672. As previously set forth, the Court concludes that Plaintiff was substantially justified in his position.

ERISA is a remedial statute that protects the interests of plan participants, and, as alluded to earlier, an appropriate consideration is the impact of awarding fees to the Plan in the context of providing participants with a forum to adjudicate ERISA benefits. See *Stark v. PPM Am., Inc.*, 354 F.3d 666, 673 (7th Cir. 2004) ("ERISA's remedial purpose is to protect, rather than penalize participants who seek to enforce their statutory rights"). To saddle a plan participant

who brings a good-faith action with crippling attorneys' fees (Defendant requests more than $1.2 million) would thwart ERISA's purpose. *Meredith v. Navistar Int'l Transp. Co.*, 935 F.2d 124, 128 (7th Cir. 1991) ("[a]dherence to this policy often counsels against charging fees against ERISA beneficiaries since private actions by beneficiaries seeking in good faith to secure their rights under employee benefit plans are important mechanisms for furthering ERISA's remedial purpose"). Furthermore, there is no indication that Plaintiff was out to harass Defendant; simply taking a position with which the Court ultimately disagrees does not automatically render Plaintiff's position meritless (as Defendant appears to suggest). Plaintiff's position, although not successful, "had an understandable foundation." *Jackman Financial Corp. v. Humana Ins. Co.*, 641 F.3d 860, 867 (7th Cir. 2011). Plaintiff survived in part Defendant's multiple motions to dismiss, won a number of discovery motions, and temporary prevailed in part on the Plan's multi-pronged motion for summary judgment, all in the fast-moving landscape of ERISA litigation. Indeed, the Court noted in its decision on the contentious cross-motions for summary judgment that "[b]ased on the current record, the Court finds that there is a genuine issue of material fact as to whether Defendant's use of e-mail was reasonably calculated to ensure delivery." While Plaintiff did not ultimately prevail on the motion to reconsider, the course of this litigation simply doesn't square with a finding that he sued in bad faith or merely to harass the Plan.

Thus, whether or not the substantial justification or five-factor test remain viable, the Court concludes that Defendant is not entitled to its attorneys' fees. Tagging an individual defined benefit plan participant with more than a $1.2 million in fees, when the most he could have hoped to get out of the lawsuit was far less, is antithetical to the remedial scheme set forth in the ERISA statute, and the Court, in its discretion, declines to do so. See, *e.g.*, *Jackman Fin.*

*Corp.*, 641 F.3d at 867 (affirming the denial of costs or fees to defendants even in cases resolved against plaintiffs on summary judgment); *Herman v. Central States, Southeast and Southwest Areas Pension Fund*, 423 F.3d 684, 695-96 (7th Cir. 2005). The Court concludes that Plaintiff has overcome the "modest presumption" that a prevailing party in an ERISA case is entitled to its attorneys' fees under § 1132(g)(1), and the Court sustains Plaintiff's objections to the award of fees. Because the Court has concluded that Defendant is not entitled to its fees, it is unnecessary to examine the specifics of Defendant's fee petition.

### C.    Bill of Costs

Although the Court concludes that § 1132(g)(1) also governs the cost inquiry, it does not necessarily follow that the Court must use the "substantially justified" test in determining whether to award costs in an ERISA action. That test was formulated by the Seventh Circuit as a constraint on the court's discretion when considering an award of attorney's fees. *Bittner,* 728 F.2d at 828–30. In explaining the "substantially justified" standard, the *Bittner* court contrasted the legislative history and purpose of ERISA with that of the Civil Rights Attorney's Fees Awards Act, which was designed to encourage civil rights litigation "by allowing prevailing plaintiffs to obtain an award of attorney's fees almost as a matter of course." *Id.* at 829. "There is nothing comparable in the legislative history of ERISA; nor do pension plan participants and beneficiaries constitute a vulnerable group whose members need special encouragement to exercise their legal rights, like a racial minority." *Id.* The court adopted the "substantially justified" test as "a model for courts that must try to give meaning to the word 'discretion'" in § 1132(g)(1). *Id.* at 830. The court described the standard as "the intermediate position between

12

automatic fee shifting (or nearly automatic, as in the Civil Rights Attorney's Fees Awards Act) and the common law position which allows shifting only against the frivolous litigant." *Id*.[3]

But common law treats costs differently than attorneys' fees. See Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, 10 FEDERAL PRACTICE AND PROCEDURE § 2665 at 199–201 (3d ed. 1998). As previously stated, the default rule provides a presumption that costs are awarded to the prevailing party, and the burden is on the non-prevailing party to overcome this presumption. Fed. R. Civ. P. 54(d); *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006). Furthermore, the Court has not come across any precedent suggesting that Congress intended to discourage an award of costs under § 1132(g)(1) in the majority of ERISA cases. Although ERISA is a remedial statute and should not be construed to impose unnecessary costs on beneficiaries, other remedial statutes (such as § 1983) allow for the imposition of costs using the standard of Rule 54(d). See *Rivera,* 469 F.3d at 634. Thus, rather than using the "substantially justified" standard, the Court concludes that a sensible approach in this case is to borrow the widely-used standard for awarding costs under Rule 54(d)(1)—giving the court discretion (as § 1132(g)(1) explicitly states) but starting with a presumption in favor of awarding costs—while keeping in mind the Supreme Court's pronouncement in *Hardt*—that costs are available to a party who has achieved "some degree of success on the merits." Nothing in the text of § 1132(g)(1) suggests a different standard and this approach comports with common law considerations and the general view that costs be awarded to the victor.

---

[3]   Compare the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), which provides for a reasonable attorney's fee to the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 728 F.2d at 830. The "substantially justified" test in EAJA applies only to attorney's fees. See 28 U.S.C. § 2412(d)(1)(A). A court has greater discretion to award costs depending on the circumstances. 28 U.S.C. § 2412(a)(1) (costs "may be awarded"); *Cruz v. Comm'r of Social Sec.,* 630 F.3d 321, 325–26 (3d Cir. 2010).

Turning to the specifics of Defendant's requests for costs, the Court notes that 28 U.S.C. § 1920 sets the proper measure of recoverable costs. *Tidemann v. Nadler Golf Car Sales, Inc.,* 224 F.3d 719, 726 (7th Cir. 2000). Nothing in the language of § 1132(g)(1), which permits an award of "costs of action," suggests that the limits on taxable costs under § 1920 are inapplicable. See *Agredano v. Mutual of Omaha Cos.,* 75 F.3d 541, 544 (9th Cir. 1996) ("We therefore hold that [§ 1132(g)(1)'s] allowance for 'costs of action' empowers courts to award only the types of 'costs' allowed by 28 U.S.C. § 1920"). Thus, the list of recoverable costs includes (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. 28 U.S.C. § 1920; see also *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.,* 481 F.3d 442, 447 (7th Cir. 2007). Defendants claim $11,055.13 in costs – $9,054.81 for fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case, $1412.62 for fees for witnesses, and $587.70 for exemplification and copies of papers necessarily obtained for use in the case. The Court now addresses whether the amounts requested are reasonable and supported by the record.

1. *Court Reporting and Transcription Fees*

Defendant seeks $9,054.81 in court reporting fees pursuant. The Court awards deposition charges if the deposition appears reasonably necessary in light of the facts known at the time of the deposition. See *Little v. Mitsubishi Motors N. Am., Inc.,* 514 F.3d 699, 702 (7th Cir. 2008) (per curiam); *Mother & Father,* 338 F.3d at 708. In this district, the costs of a transcript shall not exceed the regular copy rate established by the Judicial Conference of the United States. See N.D. Ill. L.R. 54.1(b). The applicable rates pursuant to the Judicial Conference for depositions and trials conducted after November 1, 2007, are $3.65 per page for ordinary transcripts, $4.25

14

per page for fourteen day transcripts, and $4.85 per page for seven day transcripts. See http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/CrtReporter/trnscrpt.htm. Reasonable attendance fees also are recoverable under Section 1920(2). See, *e.g.*, *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) ("As for the deposition attendance fees charged by the court reporter, we have previously held that even though these fees are not specifically mentioned in the statute, the district court may award them in its discretion pursuant to 28 U.S.C. § 1920(2)"); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995) (same).

"Where a party seeking costs fails to specifically identify the number of pages in a requested transcript, no costs will be awarded. Indeed, without this information, it is impossible for the Court to determine whether specific costs are reasonable and necessary." *Shah v. Village of Hoffman Estates*, 2003 WL 21961362, at *1 (N.D. Ill. Aug. 14, 2003); see also *Alexander v. CIT Tech Fin. Servs.,* 222 F. Supp. 2d 1087, 1090 (N.D. Ill. 2002); *Teerling v. Fleetwood Motor Homes of Ind., Inc.,* 2001 WL 883699, at *2 (N.D. Ill. Aug. 2, 2001). With only a single exception, the transcript invoices submitted in support of Defendant's bill of costs do nothing more than demonstrate that Defendant paid for transcripts in a particular lump-sum amount. Defendant does not disclose the number of pages purchased, nor the price per page. Without these variables—which are regularly submitted to this Court with bills of costs—the Court cannot conclude whether the amounts requested are reasonable. See *Rogers v. Baxter Int'l, Inc.*, 2011 WL 941188, at *4 (N.D. Ill. Mar. 16, 2011) (denying request for $173,150.00 in costs for expert witness expenses because court could not ascertain from materials provided by prevailing party whether any part of requested amount was compensable under relevant statutes); *Highway Commercial Services, Inc. v. Midwest Trailer Repair, Inc.*, 2011 WL 3159128, at *2 (N.D. Ill. July 26, 2011) (noting that "even as to the unchallenged costs, [the court] must still ensure that

each proposed cost is allowed under § 1920, is reasonable, and is necessary to the litigation."); see also *Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 235 (1964) ("Items proposed by winning parties as costs should always be given careful scrutiny."); *Little v. Mitsubishi Motors N. Am., Inc.,* 514 F.3d 699, 702 (7th Cir. 2008). The one exception is the invoice for the November 18, 2009 hearing transcript, which discloses both the number of pages and the price per page (within the maximum rate set forth by the Judicial Conference). The Court concludes that this cost ($43.65) is recoverable. However, as to the remainder of the transcription fees, the Court cannot determine whether those costs were reasonable and necessary and therefore those costs are not recoverable. Accordingly, the Court awards Defendant the reduced amount of $43.65 for transcript costs.

### 2.     *Fees for Exemplification and Copies – 28 U.S.C. § 1920(4)*

Defendant seeks $587.70 in photocopying and exemplification costs pursuant to 28 U.S.C. § 1920(4), which allows a judge to tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." See *Tchemkou v. Mukasey,* 517 F.3d 506, 513 (7th Cir. 2008). Courts interpret this section to mean that photocopying charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not. See *Kulumani v. Blue Cross Blue Shield Ass'n,* 224 F.3d 681, 685 (7th Cir. 2000); *McIlveen v. Stone Container Corp.,* 910 F.2d 1581, 1584 (7th Cir. 1990). Under Section 1920(4), the prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble,* 924 F.2d 633, 643 (7th Cir. 1991). Instead, the prevailing party need only provide the best breakdown obtainable from the records. See *id.*

The Court has reviewed the supporting materials (including invoices) attached to Defendants' bill of costs and finds that the amounts requested are reasonable. The amounts requested are within the bounds of copying costs previously found to be reasonable, and Defendant has provided an exhibit in support of its request for exemplification costs. See, *e.g.*, *Kaplan v. City of Chicago*, 2009 WL 1940789, at *4 (N.D. Ill. July 6, 2009) ("courts in this district have found photocopying costs between $0.10 and $0.20 per page to be reasonable"); *Shanklin Corp.*, 2006 WL 2054382, at *4 (same). Therefore, the Court awards Defendant $587.70 in photocopying and exemplification costs under Section 1920(4).

> *3.    Witness Fees*

Defendants seeks to recover $1,412.62 for the travel and lodging expenses paid to witnesses for their depositions, including: $1,284.12 to Julianne Grace, who traveled from Charlotte, North Carolina to Chicago, Illinois for her deposition in this matter; $74.00 to Traci Melody related to her deposition in this matter; and $54.50 to Yvette Molina, who traveled from New Jersey to New York for her deposition in this matter. These expenses are recoverable under 28 U.S.C. §§ 1821 and 1920(3). See *Majeske v. City of Chicago*, 218 F.3d 816, 825-26 (7th Cir. 2000) ("Collectively, 28 U.S.C. §§ 1821 and 1920(3) authorize the award of costs to reimburse witnesses for their reasonable travel and lodging expenses."). Defendant attached an exhibit to its bill of costs that contains an itemization of expenses associated with the witnesses' depositions and some supporting documentation. With respect to Ms. Grace and Ms. Molina, Defendant specified and attested to the costs incurred, and the Court finds the requested amount for each witness to be reasonable. However, in regard to Ms. Melody, Defendant failed to provide any details as to the $74.00 requested; therefore, this cost is not recoverable, and the Court awards Defendant the reduced amount of $1,338.62 for witness fees.

**III.** **Conclusion**

For these reasons, the Court denies Defendant's motion for attorneys' fees [216], but awards Defendant costs in the amount of $1,969.97  The Court also grants Defendant's motion for leave to file instanter reply brief in support of bill of costs [213].

Dated:  October 3, 2012

_____
Robert M. Dow, Jr.
United States District Judge

18